UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

GEOFFREY VARGA and WILLIAM
CLEGHORN, solely in their capacity as Joint
Voluntary Liquidators of Bear Stearns High-Grade
Structured Credit Strategies (Overseas) Ltd. and
Bear Stearns High-Grade Structured Credit
Strategies Enhanced Leverage (Overseas) Ltd.,
and not individually,

                                  Plaintiffs,

                 - against -

BEAR STEARNS ASSET MANAGEMENT
INC., THE BEAR STEARNS COMPANIES,
INC., BEAR, STEARNS & CO. INC., RALPH
CIOFFI, MATTHEW TANNIN, RAY
MCGARRIGAL, and DELOITTE & TOUCHE
LLP,

                                 Defendants.

_____

08-CV-03397 (BSJ)

ECF CASE

**AFFIDAVIT OF MAX R. SHULMAN IN SUPPORT OF THE MOTION BY
DEFENDANT DELOITTE & TOUCHE LLP TO DISMISS**

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

        MAX R. SHULMAN, being duly sworn, deposes and says:

        1.      I am a member of the law firm of Cravath, Swaine & Moore LLP, counsel

for defendant Deloitte & Touche LLP ("Deloitte") in this action.  I am admitted to

practice in the State of New York and in the United States District Court for the Southern

District of New York.

2.      I submit this affidavit in support of Deloitte's Motion to Dismiss and to place before this Court certain correspondence between the parties and certain documents incorporated by or referenced in the complaint.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of <u>Codification of Statements on Auditing Standards</u>, AU § 508 ("Reports on Audited Financial Statements") (Am. Inst. of Certified Pub. Accountants), dated July 7, 2007.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the Financial Statements, Bear Stearns High-Grade Structured Credit Strategies (Overseas) Ltd. For the Year Ended December 31, 2006, with Independent Auditors' Report and Financial Statements, Bear Stearns High-Grade Credit Strategies Master Fund, Ltd. For the Year Ended December 31, 2006, with Independent Auditors' Report, dated April 24, 2007.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of the Financial Statements, Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. For the Year Ended December 31, 2006, with Independent Auditors' Report and Financial Statements, Bear Stearns High-Grade Credit Strategies Enhanced Leverage Master Fund, Ltd. For the Year Ended December 31, 2006, with Independent Auditors' Report, dated April 24, 2007.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of a letter from Jamie L. Wine, Esq., Latham & Watkins LLP, to Robert A. Nicholas, Esq., Reed Smith LLP, dated April 10, 2008.

7.     Attached hereto as **Exhibit 5** is a true and correct copy of a letter from

Robert A. Nicholas, Esq., Reed Smith LLP, to Jamie L. Wine, Esq., Latham & Watkins

LLP, dated April 17, 2008.

_____
                                          Max R. Shulman

Sworn to before me this
6th day of May, 2008.

_____
          Notary Public

KEITH S. KAPLAN
Notary Public, State of New York
No. 01KA6062463
Qualified in New York County
Commission Expires Aug. 6, 2009

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

# AU Section 508[*]

## *Reports on Audited Financial Statements*

**Supersedes sections 505, 509, 542, 545, and 546)**

**Source: SAS No. 58; SAS No. 64; SAS No. 79; SAS No. 85; SAS No. 93; SAS No. 98.**

**See section 9508 for interpretations of this section.**

**Effective for reports issued or reissued on or after January 1, 1989, unless otherwise indicated.**

## Introduction

**.01** This section applies to auditors' reports issued in connection with audits[1] of historical financial statements that are intended to present financial position, results of operations, and cash flows in conformity with generally accepted accounting principles. It distinguishes the types of reports, describes the circumstances in which each is appropriate, and provides example reports.

**.02** This section does not apply to unaudited financial statements as described in section 504, *Association With Financial Statements*, nor does it apply to reports on incomplete financial information or other special presentations as described in section 623, *Special Reports*.

**.03** Justification for the expression of the auditor's opinion rests on the conformity of his or her audit with generally accepted auditing standards and on the findings. Generally accepted auditing standards include four standards of reporting.[2] This section is concerned primarily with the relationship of the fourth reporting standard to the language of the auditor's report.

**.04** The fourth standard of reporting is as follows:

The auditor must either express an opinion regarding the financial statements, taken as a whole, or state that an opinion cannot be expressed, in the auditor's

---

[*] This section has been revised to reflect the conforming changes necessary due to the issuance of Statement on Auditing Standards No. 93.

[1] An audit, for purposes of this section, is defined as an examination of historical financial statements performed in accordance with generally accepted auditing standards in effect at the time the audit is performed. Generally accepted auditing standards include the ten standards as well as the Statements on Auditing Standards that interpret those standards. In some cases, regulatory authorities may have additional requirements applicable to entities under their jurisdiction and auditors of such entities should consider those requirements.

[2] This section revises the second standard of reporting as follows:

The report shall identify those circumstances in which such principles have not been consistently observed in the current period in relation to the preceding period.

Previously, the second standard required the auditor's report to state whether accounting principles had been consistently applied. As revised, the second standard requires the auditor to add an explanatory paragraph to his report only if accounting principles have not been applied consistently. (See section 420, *Consistency of Application of Generally Accepted Accounting Principles*.) Paragraphs .17–.19 of this section provide reporting guidance under these circumstances.

**AU §508.04**

P1: JsY
AICP086-p671-864     AICPA086-Vol-I-PS.cls     July 7, 2007     5:18

**812**                            The Fourth Standard of Reporting

report. When the auditor cannot express an overall opinion, the auditor should
state the reasons therefor in the auditor's report. In all cases where an auditor's
name is associated with financial statements, the auditor should clearly indi-
cate the character of the auditor's work, if any, and the degree of responsibility
the auditor is taking, in the auditor's report.

[Revised, November 2006, to reflect conforming changes necessary due to the
issuance of Statement on Auditing Standards No. 113.]

**.05** The objective of the fourth standard is to prevent misinterpretation of
the degree of responsibility the auditor is assuming when his or her name is as-
sociated with financial statements. Reference in the fourth reporting standard
to the financial statements "taken as a whole" applies equally to a complete set
of financial statements and to an individual financial statement (for example,
to a balance sheet) for one or more periods presented. (Paragraph .65 discusses
the fourth standard of reporting as it applies to comparative financial state-
ments.) The auditor may express an unqualified opinion on one of the financial
statements and express a qualified or adverse opinion or disclaim an opinion
on another if the circumstances warrant.

**.06** The auditor's report is customarily issued in connection with an entity's
basic financial statements—balance sheet, statement of income, statement of
retained earnings and statement of cash flows. Each financial statement au-
dited should be specifically identified in the introductory paragraph of the au-
ditor's report. If the basic financial statements include a separate statement of
changes in stockholders' equity accounts, it should be identified in the intro-
ductory paragraph of the report but need not be reported on separately in the
opinion paragraph since such changes are part of the presentation of financial
position, results of operations, and cash flows.

## The Auditor's Standard Report

**.07** The auditor's standard report states that the financial statements
present fairly, in all material respects, an entity's financial position, results
of operations, and cash flows in conformity with generally accepted accounting
principles. This conclusion may be expressed only when the auditor has formed
such an opinion on the basis of an audit performed in accordance with generally
accepted auditing standards.

**.08** The auditor's standard report identifies the financial statements au-
dited in an opening (introductory) paragraph, describes the nature of an audit
in a scope paragraph, and expresses the auditor's opinion in a separate opinion
paragraph. The basic elements of the report are the following:

*a.*   A title that includes the word *independent*[3]

*b.*   A statement that the financial statements identified in the report were
       audited

*c.*   A statement that the financial statements are the responsibility of
       the Company's management[4] and that the auditor's responsibility is
       to express an opinion on the financial statements based on his or her
       audit

---

[3]   This section does not require a title for an auditor's report if the auditor is not independent. See
section 504, *Association With Financial Statements*, for guidance on reporting when the auditor is not
independent.

[4]   In some instances, a document containing the auditor's report may include a statement by man-
agement regarding its responsibility for the presentation of the financial statements. Nevertheless,
the auditor's report should state that the financial statements are management's responsibility.

**AU §508.05**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**Reports on Audited Financial Statements**          **813**

   *d.* A statement that the audit was conducted in accordance with generally accepted auditing standards and an identification of the United States of America as the country of origin of those standards (for example, auditing standards generally accepted in the United States of America or U.S. generally accepted auditing standards)

   *e.* A statement that those standards require that the auditor plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement

   *f.* A statement that an audit includes—

      (1) Examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements

      (2) Assessing the accounting principles used and significant estimates made by management

      (3) Evaluating the overall financial statement presentation[5]

   *g.* A statement that the auditor believes that his or her audit provides a reasonable basis for his or her opinion

   *h.* An opinion as to whether the financial statements present fairly, in all material respects, the financial position of the Company as of the balance sheet date and the results of its operations and its cash flows for the period then ended in conformity with generally accepted accounting principles. The opinion should include an identification of the United States of America as the country of origin of those accounting principles (for example, accounting principles generally accepted in the United States of America or U.S. generally accepted accounting principles[6])

   *i.* The manual or printed signature of the auditor's firm

   *j.* The date[7] of the audit report

The form of the auditor's standard report on financial statements covering a single year is as follows:

<u>Independent Auditor's Report</u>

We have audited the accompanying balance sheet of X Company as of December 31, 20XX, and the related statements of income, retained earnings, and cash flows for the year then ended. These financial statements are the responsibility of the Company's management. Our responsibility is to express an opinion on these financial statements based on our audit.

---

   [5] Section 411, *The Meaning of Present Fairly in Conformity With Generally Accepted Accounting Principles*, paragraphs .03 and .04, discuss the auditor's evaluation of the overall presentation of the financial statements. [As amended, effective for reports issued or reissued on or after June 30, 2001, by Statement on Auditing Standards No. 93.]

   [6] A U.S. auditor also may be engaged to report on the financial statements of a U.S. entity that have been prepared in conformity with accounting principles generally accepted in another country. In those circumstances, the auditor should refer to the guidance in section 534, *Reporting on Financial Statements Prepared for Use in Other Countries.* [Footnote added, effective for reports issued or reissued on or after June 30, 2001 by Statement on Auditing Standards No. 93.]

   [7] For guidance on dating the auditor's report, see section 530, *Dating of the Independent Auditor's Report.* [Footnote renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.08**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**814**                    The Fourth Standard of Reporting

We conducted our audit in accordance with auditing standards generally ac-
cepted in the United States of America. Those standards require that we plan
and perform the audit to obtain reasonable assurance about whether the fi-
nancial statements are free of material misstatement. An audit includes exam-
ining, on a test basis, evidence supporting the amounts and disclosures in the
financial statements. An audit also includes assessing the accounting principles
used and significant estimates made by management, as well as evaluating the
overall financial statement presentation. We believe that our audit provides a
reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in
all material respects, the financial position of X Company as of [at] December
31, 20XX, and the results of its operations and its cash flows for the year then
ended in conformity with accounting principles generally accepted in the United
States of America.

*[Signature]*

*[Date]*

The form of the auditor's standard report on comparative financial statements[8]
is as follows:

<u>Independent Auditor's Report</u>

We have audited the accompanying balance sheets of X Company as of De-
cember 31, 20X2 and 20X1, and the related statements of income, retained
earnings, and cash flows for the years then ended. These financial statements
are the responsibility of the Company's management. Our responsibility is to
express an opinion on these financial statements based on our audits.

We conducted our audits in accordance with auditing standards generally ac-
cepted in the United States of America. Those standards require that we plan
and perform the audit to obtain reasonable assurance about whether the fi-
nancial statements are free of material misstatement. An audit includes exam-
ining, on a test basis, evidence supporting the amounts and disclosures in the
financial statements. An audit also includes assessing the accounting principles
used and significant estimates made by management, as well as evaluating the
overall financial statement presentation. We believe that our audits provide a
reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all
material respects, the financial position of X Company as of [at] December 31,
20X2 and 20X1, and the results of its operations and its cash flows for the years
then ended in conformity with accounting principles generally accepted in the
United States of America.

*[Signature]*

*[Date]*

[As amended, effective for reports issued or reissued on or after June 30, 2001,
by Statement on Auditing Standards No. 93.]

---

[8]  If statements of income, retained earnings, and cash flows are presented on a comparative basis
for one or more prior periods, but the balance sheet(s) as of the end of one (or more) of the prior
period(s) is not presented, the phrase "for the years then ended" should be changed to indicate that
the auditor's opinion applies to each period for which statements of income, retained earnings, and
cash flows are presented, such as "for each of the three years in the period ended [date of latest balance
sheet]." [Footnote renumbered by the issuance of Statement on Auditing Standards No. 93, October
2000.]

**AU §508.08**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**Reports on Audited Financial Statements**    **815**

.09 The report may be addressed to the company whose financial statements are being audited or to its board of directors or stockholders. A report on the financial statements of an unincorporated entity should be addressed as circumstances dictate, for example, to the partners, to the general partner, or to the proprietor. Occasionally, an auditor is retained to audit the financial statements of a company that is not a client; in such a case, the report is customarily addressed to the client and not to the directors or stockholders of the company whose financial statements are being audited.

.10 This section also discusses the circumstances that may require the auditor to depart from the standard report and provides reporting guidance in such circumstances. This section is organized by type of opinion that the auditor may express in each of the various circumstances presented; this section describes what is meant by the various audit opinions:

- *Unqualified opinion.* An unqualified opinion states that the financial statements present fairly, in all material respects, the financial position, results of operations, and cash flows of the entity in conformity with generally accepted accounting principles. This is the opinion expressed in the standard report discussed in paragraph .08.

- *Explanatory language added to the auditor's standard report.* Certain circumstances, while not affecting the auditor's unqualified opinion on the financial statements, may require that the auditor add an explanatory paragraph (or other explanatory language) to his or her report.

- *Qualified opinion.* A qualified opinion states that, except for the effects of the matter(s) to which the qualification relates, the financial statements present fairly, in all material respects, the financial position, results of operations, and cash flows of the entity in conformity with generally accepted accounting principles.

- *Adverse opinion.* An adverse opinion states that the financial statements do not present fairly the financial position, results of operations, or cash flows of the entity in conformity with generally accepted accounting principles.

- *Disclaimer of opinion.* A disclaimer of opinion states that the auditor does not express an opinion on the financial statements.

These opinions are discussed in greater detail throughout the remainder of this section.

## Explanatory Language Added to the Auditor's Standard Report

.11 Certain circumstances, while not affecting the auditor's unqualified opinion, may require that the auditor add an explanatory[9] paragraph (or other explanatory language) to the standard report.[10] These circumstances include:

a.   The auditor's opinion is based in part on the report of another auditor (paragraphs .12 and .13).

---

[9] Unless otherwise required by the provisions of this section, an explanatory paragraph may precede or follow the opinion paragraph in the auditor's report. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

[10] See footnote 3. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.11**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**816**                                    The Fourth Standard of Reporting

    *b.*  To prevent the financial statements from being misleading because of unusual circumstances, the financial statements contain a departure from an accounting principle promulgated by a body designated by the AICPA Council to establish such principles (paragraphs .14 and .15).

    *c.*  There is substantial doubt about the entity's ability to continue as a going concern.[11]

    *d.*  There has been a material change between periods in accounting principles or in the method of their application (paragraphs .16 through .18).

    *e.*  Certain circumstances relating to reports on comparative financial statements exist (paragraphs .68, .69, and .72 through .74).

    *f.*  Selected quarterly financial data required by SEC Regulation S-K has been omitted or has not been reviewed. (See section 722, *Interim Financial Information*, paragraph .50.)

    *g.*  Supplementary information required by the Financial Accounting Standards Board (FASB), the Governmental Accounting Standards Board (GASB), or the Federal Accounting Standards Advisory Board (FASAB) has been omitted, the presentation of such information departs materially from FASB, GASB, or FASAB guidelines, the auditor is unable to complete prescribed procedures with respect to such information, or the auditor is unable to remove substantial doubts about whether the supplementary information conforms to FASB, GASB, or FASAB guidelines. (See section 558, *Required Supplementary Information*, paragraph .02.)

    *h.*  Other information in a document containing audited financial statements is materially inconsistent with information appearing in the financial statements. (See section 550, *Other Information in Documents Containing Audited Financial Statements*, paragraph .04.)

In addition, the auditor may add an explanatory paragraph to emphasize a matter regarding the financial statements (paragraph .19). [As amended, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79. Revised, November 2002, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 100.]

## Opinion Based in Part on Report of Another Auditor

    **.12** When the auditor decides to make reference to the report of another auditor as a basis, in part, for his or her opinion, he or she should disclose this fact in the introductory paragraph of his or her report and should refer to the report of the other auditor in expressing his or her opinion. These references indicate division of responsibility for performance of the audit. (See section 543, *Part of Audit Performed by Other Independent Auditors*.)

    **.13** An example of a report indicating a division of responsibility follows:

---

[11] Section 341A, *The Auditor's Consideration of an Entity's Ability to Continue as a Going Concern*, describes the auditor's responsibility to evaluate whether there is substantial doubt about the entity's ability to continue as a going concern for a reasonable period of time and, when applicable, to consider the adequacy of financial statement disclosure and to include an explanatory paragraph in the report to reflect his or her conclusions. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.12**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**Reports on Audited Financial Statements**          **817**

### Independent Auditor's Report

We have audited the consolidated balance sheets of ABC Company and subsidiaries as of December 31, 20X2 and 20X1, and the related consolidated statements of income, retained earnings, and cash flows for the years then ended. These financial statements are the responsibility of the Company's management. Our responsibility is to express an opinion on these financial statements based on our audits. We did not audit the financial statements of B Company, a wholly-owned subsidiary, which statements reflect total assets of $_____ and $_____ as of December 31, 20X2 and 20X1, respectively, and total revenues of $_____ and $_____ for the years then ended. Those statements were audited by other auditors whose report has been furnished to us, and our opinion, insofar as it relates to the amounts included for B Company, is based solely on the report of the other auditors.

We conducted our audits in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. We believe that our audits and the report of other auditors provide a reasonable basis for our opinion.

In our opinion, based on our audits and the report of other auditors, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of ABC Company and subsidiaries as of December 31, 20X2 and 20X1, and the results of their operations and their cash flows for the years then ended in conformity with accounting principles generally accepted in the United States of America.

## Departure From a Promulgated Accounting Principle

**.14** Rule 203 [ET section 203.01] of the Code of Professional Conduct of the AICPA states:

A member shall not (1) express an opinion or state affirmatively that the financial statements or other financial data of any entity are presented in conformity with generally accepted accounting principles or (2) state that he or she is not aware of any material modifications that should be made to such statements or data in order for them to be in conformity with generally accepted accounting principles, if such statements or data contain any departure from an accounting principle promulgated by bodies designated by Council to establish such principles that has a material effect on the statements or data taken as a whole. If, however, the statements or data contain such a departure and the member can demonstrate that due to unusual circumstances the financial statements or data would otherwise have been misleading, the member can comply with the rule by describing the departure, its approximate effects, if practicable, and the reasons why compliance with the principle would result in a misleading statement.

**.15** When the circumstances contemplated by Rule 203 [ET section 203.01] are present, the auditor's report should include, in a separate paragraph or paragraphs, the information required by the rule. In such a case, it is appropriate for the auditor to express an unqualified opinion with respect to the

**AU §508.15**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**818**            The Fourth Standard of Reporting

conformity of the financial statements with generally accepted accounting prin-
ciples unless there are other reasons, not associated with the departure from a
promulgated principle, not to do so. (See section 411, *The Meaning of* Present
Fairly in Conformity With Generally Accepted Accounting Principles.) [Title of
section 411 amended, effective for reports issued or reissued on or after June
30, 2001, by Statement on Auditing Standards No. 93.]

---

> Former paragraphs .16 through .33 and related footnotes have been
> deleted and all subsequent paragraphs and footnotes renumbered by
> the issuance of Statement on Auditing Standards No. 79, effective for
> reports issued or reissued on or after February 29, 1996.

---

## Lack of Consistency

**.16**    The auditor's standard report implies that the auditor is satisfied that
the comparability of financial statements between periods has not been mate-
rially affected by changes in accounting principles and that such principles
have been consistently applied between or among periods because either (*a*) no
change in accounting principles has occurred, or (*b*) there has been a change
in accounting principles or in the method of their application, but the effect of
the change on the comparability of the financial statements is not material. In
these cases, the auditor should not refer to consistency in the report. If, however,
there has been a change in accounting principles or in the method of their appli-
cation that has a material effect on the comparability of the company's financial
statements, the auditor should refer to the change in an explanatory paragraph
of the report. Such explanatory paragraph (following the opinion paragraph)
should identify the nature of the change and refer the reader to the note in the
financial statements that discusses the change in detail. The auditor's concur-
rence with a change is implicit unless he or she takes exception to the change
in expressing his or her opinion as to fair presentation of the financial state-
ments in conformity with generally accepted accounting principles.[12] When
there is a change in accounting principles, there are also other matters that the
auditor should consider (see paragraphs .50 through .57). [Paragraph renum-
bered by the issuance of Statement on Auditing Standards No. 79, December
1995.]

**.17** Following is an example of an appropriate explanatory paragraph:

As discussed in Note X to the financial statements, the Company changed its
method of computing depreciation in 20X2.

[Paragraph renumbered by the issuance of Statement on Auditing Standards
No. 79, December 1995.]

**.18** The addition of this explanatory paragraph in the auditor's report is
required in reports on financial statements of subsequent years as long as the

---

[12] With respect to the method of accounting for the effect of a change in accounting principle,
see Accounting Principles Board Opinion No. 20, *Accounting Changes*, including paragraph 4 [AC
section A06.103], which states that methods of accounting for changes in principles resulting from the
implementation of new pronouncements is provided in those pronouncements. [Footnote renumbered
by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently
renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

year of the change is presented and reported on.[13] However, if the accounting change is accounted for by retroactive restatement of the financial statements affected, the additional paragraph is required only in the year of the change since, in subsequent years, all periods presented will be comparable. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

## Emphasis of a Matter

**.19** In any report on financial statements, the auditor may emphasize a matter regarding the financial statements. Such explanatory information should be presented in a separate paragraph of the auditor's report. Phrases such as "with the foregoing [following] explanation" should not be used in the opinion paragraph if an emphasis paragraph is included in the auditor's report. Emphasis paragraphs are never required; they may be added solely at the auditor's discretion. Examples of matters the auditor may wish to emphasize are—

- That the entity is a component of a larger business enterprise.

- That the entity has had significant transactions with related parties.

- Unusually important subsequent events.

- Accounting matters, other than those involving a change or changes in accounting principles, affecting the comparability of the financial statements with those of the preceding period.

[Paragraph renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79.]

## Departures From Unqualified Opinions

## Qualified Opinions

**.20** Certain circumstances may require a qualified opinion. A qualified opinion states that, *except for* the effects of the matter to which the qualification relates, the financial statements present fairly, in all material respects, financial position, results of operations, and cash flows in conformity with generally accepted accounting principles. Such an opinion is expressed when—

    *a.*   There is a lack of sufficient competent audit evidence or there are restrictions on the scope of the audit that have led the auditor to conclude that he or she cannot express an unqualified opinion and he or she has concluded not to disclaim an opinion (paragraphs .22–.34).

    *b.*   The auditor believes, on the basis of his or her audit, that the financial statements contain a departure from generally accepted accounting principles, the effect of which is material, and he or she has concluded not to express an adverse opinion (paragraphs .35–.57).

---

[13] An exception to this requirement occurs when a change in accounting principle that does not require a cumulative effect adjustment is made at the beginning of the earliest year presented and reported on. That exception is addressed in the auditing interpretation of section 420, *Consistency of Application of Generally Accepted Accounting Principles*, titled "Impact on the Auditor's Report of FIFO to LIFO Change in Comparative Financial Statements," (section 9420.16–.23). [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

P1: JsY
AICP086-p671-864      AICPA086-Vol-I-PS.cls      July 7, 2007      5:18

**820**          The Fourth Standard of Reporting

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

.21 When the auditor expresses a qualified opinion, he or she should disclose all of the substantive reasons in one or more separate explanatory paragraph(s) preceding the opinion paragraph of the report. The auditor should also include, in the opinion paragraph, the appropriate qualifying language and a reference to the explanatory paragraph. A qualified opinion should include the word *except* or *exception* in a phrase such as *except for* or *with the exception of*. Phrases such as *subject to* and *with the foregoing explanation* are not clear or forceful enough and should not be used. Since accompanying notes are part of the financial statements, wording such as *fairly presented, in all material respects, when read in conjunction with Note 1* is likely to be misunderstood and should not be used. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

### Scope Limitations

.22 The auditor can determine that he or she is able to express an unqualified opinion only if the audit has been conducted in accordance with generally accepted auditing standards and if he or she has therefore been able to apply all the procedures he considers necessary in the circumstances. Restrictions on the scope of the audit, whether imposed by the client or by circumstances, such as the timing of his or her work, the inability to obtain sufficient competent audit evidence, or an inadequacy in the accounting records, may require the auditor to qualify his or her opinion or to disclaim an opinion. In such instances, the reasons for the auditor's qualification of opinion or disclaimer of opinion should be described in the report. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

.23 The auditor's decision to qualify his or her opinion or disclaim an opinion because of a scope limitation depends on his or her assessment of the importance of the omitted procedure(s) to his or her ability to form an opinion on the financial statements being audited. This assessment will be affected by the nature and magnitude of the potential effects of the matters in question and by their significance to the financial statements. If the potential effects relate to many financial statement items, this significance is likely to be greater than if only a limited number of items is involved. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

.24 Common restrictions on the scope of the audit include those applying to the observation of physical inventories and the confirmation of accounts receivable by direct communication with debtors.[14] Another common scope restriction involves accounting for long-term investments when the auditor has not been able to obtain audited financial statements of an investee. Restrictions

---

[14] Circumstances such as the timing of the work may make it impossible for the auditor to accomplish these procedures. In this case, if the auditor is able to satisfy himself or herself as to inventories or accounts receivable by applying alternative procedures, there is no significant limitation on the scope of the work, and the report need not include a reference to the omission of the procedures or the use of alternative procedures. It is important to understand, however, that section 331, *Inventories*, states that "it will always be necessary for the auditor to make, or observe, some physical counts of the inventory and apply appropriate tests of intervening transactions." [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**Reports on Audited Financial Statements**          **821**

on the application of these or other audit procedures to important elements of the financial statements require the auditor to decide whether he or she has examined sufficient appropriate audit evidence to permit him or her to express an unqualified or qualified opinion, or whether he or she should disclaim an opinion. When restrictions that significantly limit the scope of the audit are imposed by the client, ordinarily the auditor should disclaim an opinion on the financial statements. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

.25 When a qualified opinion results from a limitation on the scope of the audit or an insufficiency of audit evidence, the situation should be described in an explanatory paragraph preceding the opinion paragraph and referred to in both the scope and opinion paragraphs of the auditor's report. It is not appropriate for the scope of the audit to be explained in a note to the financial statements, since the description of the audit scope is the responsibility of the auditor and not that of the client. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

.26 When an auditor qualifies his or her opinion because of a scope limitation, the wording in the opinion paragraph should indicate that the qualification pertains to the possible effects on the financial statements and not to the scope limitation itself. Wording such as "In our opinion, except for the above-mentioned limitation on the scope of our audit . . ." bases the exception on the restriction itself, rather than on the possible effects on the financial statements and, therefore, is unacceptable. An example of a qualified opinion related to a scope limitation concerning an investment in a foreign affiliate (assuming the effects of the limitation are such that the auditor has concluded that a disclaimer of opinion is not appropriate) follows:

<u>Independent Auditor's Report</u>

*[Same first paragraph as the standard report]*

Except as discussed in the following paragraph, we conducted our audits in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. We believe that our audits provide a reasonable basis for our opinion.

We were unable to obtain audited financial statements supporting the Company's investment in a foreign affiliate stated at $_____ and $_____ at December 31, 20X2 and 20X1, respectively, or its equity in earnings of that affiliate of $_____ and $_____, which is included in net income for the years then ended as described in Note X to the financial statements; nor were we able to satisfy ourselves as to the carrying value of the investment in the foreign affiliate or the equity in its earnings by other auditing procedures.

In our opinion, except for the effects of such adjustments, if any, as might have been determined to be necessary had we been able to examine evidence regarding the foreign affiliate investment and earnings, the financial statements

**AU §508.26**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**822**                 The Fourth Standard of Reporting

referred to in the first paragraph above present fairly, in all material respects, the financial position of X Company as of December 31, 20X2 and 20X1, and the results of its operations and its cash flows for the years then ended in conformity with accounting principles generally accepted in the United States of America.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.27 *Other scope limitations.*** Sometimes, notes to financial statements may contain unaudited information, such as pro forma calculations or other similar disclosures. If the unaudited information (for example, an investor's share, material in amount, of an investee's earnings recognized on the equity method) is such that it should be subjected to auditing procedures in order for the auditor to form an opinion with respect to the financial statements taken as a whole, the auditor should apply the procedures he or she deems necessary to the unaudited information. If the auditor has not been able to apply the procedures he or she considers necessary, the auditor should qualify his or her opinion or disclaim an opinion because of a limitation on the scope of the audit. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.28** If, however, these disclosures are not necessary to fairly present the financial position, operating results, or cash flows on which the auditor is reporting, such disclosures may be identified as *unaudited* or as *not covered by the auditor's report*. For example, the pro forma effects of a business combination or of a subsequent event may be labelled unaudited. Therefore, while the event or transaction giving rise to the disclosures in these circumstances should be audited, the pro forma disclosures of that event or transaction would not be. The auditor should be aware, however, that section 530, *Dating of the Independent Auditor's Report*, states that, if the auditor is aware of a material subsequent event that has occurred after the date of the auditor's report but before issuance of the report that should be disclosed, the auditor's only options are to dual date the report or date the report as of the date of the subsequent event and extend the procedures for review of subsequent events to that date. Labelling the note unaudited is not an acceptable alternative in these circumstances. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, December 2005, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 103.]

**.29 *Uncertainties and scope limitations.*** A matter involving an uncertainty is one that is expected to be resolved at a future date, at which time conclusive audit evidence concerning its outcome would be expected to become available. Uncertainties include, but are not limited to, contingencies covered by Financial Accounting Standards Board (FASB) Statement of Financial Accounting Standards No. 5, *Accounting for Contingencies*, and matters related to estimates covered by Statement of Position 94-6, *Disclosure of Certain Significant Risks and Uncertainties*. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

**.30** Conclusive audit evidence concerning the ultimate outcome of uncertainties cannot be expected to exist at the time of the audit because the outcome and related audit evidence are prospective. In these circumstances, management is responsible for estimating the effect of future events on the financial statements, or determining that a reasonable estimate cannot be made and

**AU §508.27**

P1: JsY
AICP086-p671-864     AICPA086-Vol-I-PS.cls     July 7, 2007     5:18

**Reports on Audited Financial Statements**     **823**

making the required disclosures, all in accordance with generally accepted accounting principles, based on management's analysis of existing conditions. An audit includes an assessment of whether the audit evidence is sufficient to support management's analysis. Absence of the existence of information related to the outcome of an uncertainty does not necessarily lead to a conclusion that the audit evidence supporting management's assertion is not sufficient. Rather, the auditor's judgment regarding the sufficiency of the audit evidence is based on the audit evidence that is, or should be, available. If, after considering the existing conditions and available evidence, the auditor concludes that sufficient audit evidence supports management's assertions about the nature of a matter involving an uncertainty and its presentation or disclosure in the financial statements, an unqualified opinion ordinarily is appropriate. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

**.31** If the auditor is unable to obtain sufficient audit evidence to support management's assertions about the nature of a matter involving an uncertainty and its presentation or disclosure in the financial statements, the auditor should consider the need to express a qualified opinion or to disclaim an opinion because of a scope limitation. A qualification or disclaimer of opinion because of a scope limitation is appropriate if sufficient audit evidence related to an uncertainty does or did exist but was not available to the auditor for reasons such as management's record retention policies or a restriction imposed by management. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

**.32** Scope limitations related to uncertainties should be differentiated from situations in which the auditor concludes that the financial statements are materially misstated due to departures from generally accepted accounting principles related to uncertainties. Such departures may be caused by inadequate disclosure concerning the uncertainty, the use of inappropriate accounting principles, or the use of unreasonable accounting estimates. Paragraphs .45 to .49 provide guidance to the auditor when financial statements contain departures from generally accepted accounting principles related to uncertainties. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79.]

**.33 _Limited reporting engagements._** The auditor may be asked to report on one basic financial statement and not on the others. For example, he or she may be asked to report on the balance sheet and not on the statements of income, retained earnings or cash flows. These engagements do not involve scope limitations if the auditor's access to information underlying the basic financial statements is not limited and if the auditor applies all the procedures he considers necessary in the circumstances; rather, such engagements involve limited reporting objectives. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.34** An auditor may be asked to report on the balance sheet only. In this case, the auditor may express an opinion on the balance sheet only. An example of an unqualified opinion on a balance-sheet-only audit follows (the report assumes that the auditor has been able to satisfy himself or herself regarding the consistency of application of accounting principles):

**AU §508.34**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**824**                     The Fourth Standard of Reporting

<u>Independent Auditor's Report</u>

We have audited the accompanying balance sheet of X Company as of December 31, 20XX. This financial statement is the responsibility of the Company's management. Our responsibility is to express an opinion on this financial statement based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the balance sheet is free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the balance sheet. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall balance sheet presentation. We believe that our audit of the balance sheet provides a reasonable basis for our opinion.

In our opinion, the balance sheet referred to above presents fairly, in all material respects, the financial position of X Company as of December 31, 20XX, in conformity with accounting principles generally accepted in the United States of America.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

### Departure From a Generally Accepted Accounting Principle

**.35**  When financial statements are materially affected by a departure from generally accepted accounting principles and the auditor has audited the statements in accordance with generally accepted auditing standards, he or she should express a qualified (paragraphs .36 through .57) or an adverse (paragraphs .58 through .60) opinion. The basis for such opinion should be stated in the report. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.36**  In deciding whether the effects of a departure from generally accepted accounting principles are sufficiently material to require either a qualified or adverse opinion, one factor to be considered is the dollar magnitude of such effects. However, the concept of materiality does not depend entirely on relative size; it involves qualitative as well as quantitative judgments. The significance of an item to a particular entity (for example, inventories to a manufacturing company), the pervasiveness of the misstatement (such as whether it affects the amounts and presentation of numerous financial statement items), and the effect of the misstatement on the financial statements taken as a whole are all factors to be considered in making a judgment regarding materiality. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.37**  When the auditor expresses a qualified opinion, he or she should disclose, in a separate explanatory paragraph(s) preceding the opinion paragraph of the report, all of the substantive reasons that have led him or her to conclude that there has been a departure from generally accepted accounting principles. Furthermore, the opinion paragraph of the report should include the appropriate qualifying language and a reference to the explanatory paragraph(s). [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.38**  The explanatory paragraph(s) should also disclose the principal effects of the subject matter of the qualification on financial position, results

**AU §508.35**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**Reports on Audited Financial Statements**          **825**

of operations, and cash flows, if practicable.[15] If the effects are not reasonably determinable, the report should so state. If such disclosures are made in a note to the financial statements, the explanatory paragraph(s) may be shortened by referring to it. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.39** An example of a report in which the opinion is qualified because of the use of an accounting principle at variance with generally accepted accounting principles follows (assuming the effects are such that the auditor has concluded that an adverse opinion is not appropriate):

<u>Independent Auditor's Report</u>

*[Same first and second paragraphs as the standard report]*

The Company has excluded, from property and debt in the accompanying balance sheets, certain lease obligations that, in our opinion, should be capitalized in order to conform with accounting principles generally accepted in the United States of America. If these lease obligations were capitalized, property would be increased by $_____ and $_____, long-term debt by $_____ and $_____, and retained earnings by $_____ and $_____ as of December 31, 20X2 and 20X1, respectively. Additionally, net income would be increased (decreased) by $_____ and $_____ and earnings per share would be increased (decreased) by $_____ and $_____, respectively, for the years then ended.

In our opinion, except for the effects of not capitalizing certain lease obligations as discussed in the preceding paragraph, the financial statements referred to above present fairly, in all material respects, the financial position of X Company as of December 31, 20X2 and 20X1, and the results of its operations and its cash flows for the years then ended in conformity with accounting principles generally accepted in the United States of America.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.40** If the pertinent facts are disclosed in a note to the financial statements, a separate paragraph (preceding the opinion paragraph) of the auditor's report in the circumstances illustrated in paragraph .39 might read as follows:

As more fully described in Note X to the financial statements, the Company has excluded certain lease obligations from property and debt in the accompanying balance sheets. In our opinion, accounting principles generally accepted in the United States of America require that such obligations be included in the balance sheets.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.41 *Inadequate disclosure.*** Information essential for a fair presentation in conformity with generally accepted accounting principles should be set forth in the financial statements (which include the related notes). When such information is set forth elsewhere in a report to shareholders, or in a prospectus, proxy statement, or other similar report, it should be referred to in the financial

---

[15] Section 431, *Adequacy of Disclosure in the Financial Statements*, defines *practicable* as "... the information is reasonably obtainable from management's accounts and records and that providing the information in the report does not require the auditor to assume the position of a preparer of financial information." For example, if the information can be obtained from the accounts and records without the auditor substantially increasing the effort that would normally be required to complete the audit, the information should be presented in the report. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

P1: JsY
AICP086-p671-864     AICPA086-Vol-I-PS.cls     July 7, 2007     5:18

**826**               The Fourth Standard of Reporting

statements. If the financial statements, including accompanying notes, fail to disclose information that is required by generally accepted accounting principles, the auditor should express a qualified or adverse opinion because of the departure from those principles and should provide the information in the report, if practicable,[16] unless its omission from the auditor's report is recognized as appropriate by a specific Statement on Auditing Standards. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.42** Following is an example of a report qualified for inadequate disclosure (assuming that the auditor has concluded that it is not practicable to present the required information and the effects are such that the auditor has concluded an adverse opinion is not appropriate):

<u>Independent Auditor's Report</u>

[*Same first and second paragraphs as the standard report*]

The Company's financial statements do not disclose [*describe the nature of the omitted information that it is not practicable to present in the auditor's report*]. In our opinion, disclosure of this information is required by accounting principles generally accepted in the United States of America.

In our opinion, except for the omission of the information discussed in the preceding paragraph, . . .

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.43** If a company issues financial statements that purport to present financial position and results of operations but omits the related statement of cash flows, the auditor will normally conclude that the omission requires qualification of his opinion. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.44** The auditor is not required to prepare a basic financial statement (for example, a statement of cash flows for one or more periods) and include it in the report if the company's management declines to present the statement. Accordingly, in these cases, the auditor should ordinarily qualify the report in the following manner:

<u>Independent Auditor's Report</u>

We have audited the accompanying balance sheets of X Company as of December 31, 20X2 and 20X1, and the related statements of income and retained earnings for the years then ended. These financial statements are the responsibility of the Company's management. Our responsibility is to express an opinion on these financial statements based on our audit.

[*Same second paragraph as the standard report*]

The Company declined to present a statement of cash flows for the years ended December 31, 20X2 and 20X1. Presentation of such statement summarizing the Company's operating, investing, and financing activities is required by accounting principles generally accepted in the United States of America.

---

[16] See footnote 15. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.42**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**Reports on Audited Financial Statements**    **827**

In our opinion, except that the omission of a statement of cash flows results in an incomplete presentation as explained in the preceding paragraph, the financial statements referred to above present fairly, in all material respects, the financial position of X Company as of December 31, 20X2 and 20X1, and the results of its operations for the years then ended in conformity with accounting principles generally accepted in the United States of America.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.45 *Departures from generally accepted accounting principles involving risks or uncertainties, and materiality considerations.*** Departures from generally accepted accounting principles involving risks or uncertainties generally fall into one of the following categories:

- Inadequate disclosure (paragraphs .46 and .47)
- Inappropriate accounting principles (paragraph .48)
- Unreasonable accounting estimates (paragraph .49)

[Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79.]

**.46** If the auditor concludes that a matter involving a risk or an uncertainty is not adequately disclosed in the financial statements in conformity with generally accepted accounting principles, the auditor should express a qualified or an adverse opinion. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79.]

**.47** The auditor should consider materiality in evaluating the adequacy of disclosure of matters involving risks or uncertainties in the financial statements in the context of the financial statements taken as a whole. The auditor's consideration of materiality is a matter of professional judgment and is influenced by his or her perception of the needs of a reasonable person who will rely on the financial statements. Materiality judgments involving risks or uncertainties are made in light of the surrounding circumstances. The auditor evaluates the materiality of reasonably possible losses that may be incurred upon the resolution of uncertainties both individually and in the aggregate. The auditor performs the evaluation of reasonably possible losses without regard to his or her evaluation of the materiality of known and likely misstatements in the financial statements. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79.]

**.48** In preparing financial statements, management estimates the outcome of certain types of future events. For example, estimates ordinarily are made about the useful lives of depreciable assets, the collectibility of accounts receivable, the realizable value of inventory items, and the provision for product warranties. FASB Statement No. 5, *Accounting for Contingencies*, paragraphs 23 and 25, describes situations in which the inability to make a reasonable estimate may raise questions about the appropriateness of the accounting principles used. If, in those or other situations, the auditor concludes that the accounting principles used cause the financial statements to be materially misstated, he or she should express a qualified or an adverse opinion. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79.]

**.49** Usually, the auditor is able to satisfy himself or herself regarding the reasonableness of management's estimate of the effects of future events by considering various types of audit evidence, including the historical experience of the entity. If the auditor concludes that management's estimate is unreasonable (see section 312, *Audit Risk and Materiality*, and section 342, *Auditing*

**AU §508.49**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**828**          The Fourth Standard of Reporting

*Accounting Estimates*) and that its effect is to cause the financial statements to be materially misstated, he or she should express a qualified or an adverse opinion. [Paragraph added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

**.50 Accounting changes.** The auditor should evaluate a change in accounting principle to satisfy himself that (*a*) the newly adopted accounting principle is a generally accepted accounting principle, (*b*) the method of accounting for the effect of the change is in conformity with generally accepted accounting principles, and (*c*) management's justification for the change is reasonable. If a change in accounting principle does not meet these conditions, the auditor's report should so indicate, and his opinion should be appropriately qualified as discussed in paragraphs .51 and .52. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.51** If (*a*) a newly adopted accounting principle is not a generally accepted accounting principle, (*b*) the method of accounting for the effect of the change is not in conformity with generally accepted accounting principles, or (*c*) management has not provided reasonable justification for the change in accounting principle, the auditor should express a qualified opinion or, if the effect of the change is sufficiently material, the auditor should express an adverse opinion on the financial statements. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.52** Accounting Principles Board Opinion No. 20, *Accounting Changes*, paragraph 16 [AC section A06.112], states: "The presumption that an entity should not change an accounting principle may be overcome only if the enterprise justifies the use of an alternative acceptable accounting principle on the basis that it is preferable." If management has not provided reasonable justification for the change in accounting principles, the auditor should express an exception to the change having been made without reasonable justification. An example of a report qualified for this reason follows:

Independent Auditor's Report

*[Same first and second paragraphs as the standard report]*

As disclosed in Note X to the financial statements, the Company adopted, in 20X2, the first-in, first-out method of accounting for its inventories, whereas it previously used the last-in, first-out method. Although use of the first-in, first-out method is in conformity with accounting principles generally accepted in the United States of America, in our opinion the Company has not provided reasonable justification for making this change as required by those principles.[17]

---

[17] Section 420, *Consistency of Application of Generally Accepted Accounting Principles*, states that a change from an accounting principle that is not generally accepted to one that is generally accepted is a correction of an error and that such a change requires recognition in the auditor's report as to consistency. Therefore, the auditor should add an explanatory paragraph to the report discussing the accounting change.

However, because the middle paragraph included in the example presented contains all of the information required in an explanatory paragraph on consistency, a separate explanatory paragraph (following the opinion paragraph) as required by paragraphs .16 through .18 of this section is not necessary in this instance. A separate paragraph that identifies the change in accounting principle would be required if the substance of the disclosure did not fulfill the requirements outlined in these paragraphs. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.50**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

In our opinion, except for the change in accounting principle discussed in the preceding paragraph, the financial statements referred to above present fairly, in all material respects, the financial position of X Company as of December 31, 20X2 and 20X1, and the results of its operations and its cash flows for the years then ended in conformity with accounting principles generally accepted in the United States of America.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.53** Whenever an accounting change results in an auditor expressing a qualified or adverse opinion on the conformity of financial statements with generally accepted accounting principles for the year of change, the auditor should consider the possible effects of that change when reporting on the entity's financial statements for subsequent years, as discussed in paragraphs .54 through .57. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.54** If the financial statements for the year of such change are presented and reported on with a subsequent year's financial statements, the auditor's report should disclose his or her reservations with respect to the statements for the year of change. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.55** If an entity has adopted an accounting principle that is not a generally accepted accounting principle, its continued use might have a material effect on the statements of a subsequent year on which the auditor is reporting. In this situation, the independent auditor should express either a qualified opinion or an adverse opinion, depending on the materiality of the departure in relation to the statements of the subsequent year. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.56** If an entity accounts for the effect of a change prospectively when generally accepted accounting principles require restatement or the inclusion of the cumulative effect of the change in the year of change, a subsequent year's financial statements could improperly include a charge or credit that is material to those statements. This situation also requires that the auditor express a qualified or an adverse opinion. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.57** If management has not provided reasonable justification for a change in accounting principles, the auditor's opinion should express an exception to the change having been made without reasonable justification, as previously indicated. In addition, the auditor should continue to express his or her exception with respect to the financial statements for the year of change as long as they are presented and reported on. However, the auditor's exception relates to the accounting change and does not affect the status of a newly adopted principle as a generally accepted accounting principle. Accordingly, while expressing an exception for the year of change, the independent auditor's opinion regarding the subsequent years' statements need not express an exception to use of the newly adopted principle. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

## Adverse Opinions

**.58** An adverse opinion states that the financial statements do not present fairly the financial position or the results of operations or cash flows in conformity with generally accepted accounting principles. Such an opinion is expressed when, in the auditor's judgment, the financial statements taken as a

**AU §508.58**

P1: JsY
AICP086-p671-864     AICPA086-Vol-I-PS.cls     July 7, 2007     5:18

**830**               The Fourth Standard of Reporting

whole are not presented fairly in conformity with generally accepted accounting principles. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.59** When the auditor expresses an adverse opinion, he or she should disclose in a separate explanatory paragraph(s) preceding the opinion paragraph of the report (*a*) all the substantive reasons for his or her adverse opinion, and (*b*) the principal effects of the subject matter of the adverse opinion on financial position, results of operations, and cash flows, if practicable.[18] If the effects are not reasonably determinable, the report should so state.[19] [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.60** When an adverse opinion is expressed, the opinion paragraph should include a direct reference to a separate paragraph that discloses the basis for the adverse opinion, as shown below:

<u>Independent Auditor's Report</u>

[*Same first and second paragraphs as the standard report*]

As discussed in Note X to the financial statements, the Company carries its property, plant and equipment accounts at appraisal values, and provides depreciation on the basis of such values. Further, the Company does not provide for income taxes with respect to differences between financial income and taxable income arising because of the use, for income tax purposes, of the installment method of reporting gross profit from certain types of sales. Accounting principles generally accepted in the United States of America require that property, plant and equipment be stated at an amount not in excess of cost, reduced by depreciation based on such amount, and that deferred income taxes be provided.

Because of the departures from accounting principles generally accepted in the United States of America identified above, as of December 31, 20X2 and 20X1, inventories have been increased $_____ and $_____ by inclusion in manufacturing overhead of depreciation in excess of that based on cost; property, plant and equipment, less accumulated depreciation, is carried at $_____ and $_____ in excess of an amount based on the cost to the Company; and deferred income taxes of $_____ and $_____ have not been recorded; resulting in an increase of $_____ and $_____ in retained earnings and in appraisal surplus of $_____ and $_____, respectively. For the years ended December 31, 20X2 and 20X1, cost of goods sold has been increased $_____ and $_____, respectively, because of the effects of the depreciation accounting referred to above and deferred income taxes of $_____ and $_____ have not been provided, resulting in an increase in net income of $_____ and $_____, respectively.

In our opinion, because of the effects of the matters discussed in the preceding paragraphs, the financial statements referred to above do not present fairly, in conformity with accounting principles generally accepted in the United States of America, the financial position of X Company as of December 31, 20X2 and 20X1, or the results of its operations or its cash flows for the years then ended.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

---

[18]  See footnote 15. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No 93, October 2000.]

[19]  When the auditor expresses an adverse opinion, he or she should also consider the need for an explanatory paragraph under the circumstances identified in paragraph .11, subsection (*c*), (*d*), and (*e*) of this section. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

Reports on Audited Financial Statements **831**

## Disclaimer of Opinion

**.61** A disclaimer of opinion states that the auditor does not express an opinion on the financial statements. An auditor may decline to express an opinion whenever he or she is unable to form or has not formed an opinion as to the fairness of presentation of the financial statements in conformity with generally accepted accounting principles. If the auditor disclaims an opinion, the auditor's report should give all of the substantive reasons for the disclaimer. [Paragraph renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79.]

**.62** A disclaimer is appropriate when the auditor has not performed an audit sufficient in scope to enable him or her to form an opinion on the financial statements.[20] A disclaimer of opinion should not be expressed because the auditor believes, on the basis of his or her audit, that there are material departures from generally accepted accounting principles (see paragraphs .35 through .57). When disclaiming an opinion because of a scope limitation, the auditor should state in a separate paragraph or paragraphs all of the substantive reasons for the disclaimer. He or she should state that the scope of the audit was not sufficient to warrant the expression of an opinion. The auditor should not identify the procedures that were performed nor include the paragraph describing the characteristics of an audit (that is, the scope paragraph of the auditor's standard report); to do so may tend to overshadow the disclaimer. In addition, the auditor should also disclose any other reservations he or she has regarding fair presentation in conformity with generally accepted accounting principles. [Paragraph renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79.]

**.63** An example of a report disclaiming an opinion resulting from an inability to obtain sufficient competent audit evidence because of the scope limitation follows:

### Independent Auditor's Report

We were engaged to audit the accompanying balance sheets of X Company as of December 31, 20X2 and 20X1, and the related statements of income, retained earnings, and cash flows for the years then ended. These financial statements are the responsibility of the Company's management.[21]

---

[20] If an accountant is engaged to conduct an audit of the financial statements of a nonpublic entity in accordance with generally accepted auditing standards, but is requested to change the engagement to a review or a compilation of the statements, he or she should look to the guidance in paragraphs 46 through 51 of Statement on Standards for Accounting and Review Services No. 1, *Compilation and Review of Financial Statements* [AR section 100.46–.51]. Section 504, *Association With Financial Statements*, paragraph .05, provides guidance to an accountant who is associated with the financial statements of a public entity, but has not audited such statements. [Footnote renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000. Footnote revised, November 2002, to reflect conforming changes necessary due to the issuance of Statement on Standards for Accounting and Review Services No. 9.]

[21] The wording in the first paragraph of the auditor's standard report is changed in a disclaimer of opinion because of a scope limitation. The first sentence now states that "we were engaged to audit" rather than "we have audited" since, because of the scope limitation, the auditor was not able to perform an audit in accordance with generally accepted auditing standards. In addition, the last sentence of the first paragraph is also deleted, because of the scope limitation, to eliminate the reference to the auditor's responsibility to express an opinion. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.63**

P1: JsY
AICP086-p671-864     AICPA086-Vol-I-PS.cls     July 7, 2007     5:18

**832**                                The Fourth Standard of Reporting

*[Second paragraph of standard report should be omitted]*

The Company did not make a count of its physical inventory in 20X2 or 20X1, stated in the accompanying financial statements at $_____ as of December 31, 20X2, and at $_____ as of December 31, 20X1. Further, evidence supporting the cost of property and equipment acquired prior to December 31, 20X1, is no longer available. The Company's records do not permit the application of other auditing procedures to inventories or property and equipment.

Since the Company did not take physical inventories and we were not able to apply other auditing procedures to satisfy ourselves as to inventory quantities and the cost of property and equipment, the scope of our work was not sufficient to enable us to express, and we do not express, an opinion on these financial statements.

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

## Piecemeal Opinions

**.64** Piecemeal opinions (expressions of opinion as to certain identified items in financial statements) should not be expressed when the auditor has disclaimed an opinion or has expressed an adverse opinion on the financial statements *taken as a whole* because piecemeal opinions tend to overshadow or contradict a disclaimer of opinion or an adverse opinion. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

## Reports on Comparative Financial Statements

**.65** The fourth standard of reporting requires that the auditor either express an opinion regarding the financial statements *taken as a whole* or an assertion to the effect that an opinion cannot be expressed, in the auditor's report. Reference in the fourth reporting standard to the financial statements *taken as a whole* applies not only to the financial statements of the current period but also to those of one or more prior periods that are presented on a comparative basis with those of the current period. Therefore, a continuing auditor[22] should update[23] the report on the individual financial statements of the one or more prior periods presented on a comparative basis with those of

---

[22] A *continuing auditor* is one who has audited the financial statements of the current period and of one or more consecutive periods immediately prior to the current period. If one firm of independent auditors merges with another firm and the new firm becomes the auditor of a former client of one of the former firms, the new firm may accept responsibility and express an opinion on the financial statements for the prior period(s), as well as for those of the current period. In such circumstances, the new firm should follow the guidance in paragraphs .65 through .69 and may indicate in its report or signature that a merger took place and may name the firm of independent auditors that was merged with it. If the new firm decides not to express an opinion on the prior-period financial statements, the guidance in paragraphs .70 through .74 should be followed. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

[23] An updated report on prior-period financial statements should be distinguished from a reissuance of a previous report (see section 530, *Dating of the Independent Auditor's Report*, paragraphs .06 through .08), since in issuing an updated report the continuing auditor considers information that he or she has become aware of during his or her audit of the current-period financial statements (see paragraph .68) and because an updated report is issued in conjunction with the auditor's report on the current-period financial statements. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.64**

P1: JsY
AICP086-p671-864   AICPA086-Vol-I-PS.cls   July 7, 2007   5:18

the current period.[24] Ordinarily, the auditor's report on comparative financial statements should not be dated earlier than the date on which the auditor has obtained sufficient appropriate audit evidence on which to support the opinion for the most recent audit. (See section 530, *Dating of the Independent Auditor's Report*, paragraph .01.) [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. As amended, effective September 2002, by Statement on Auditing Standards No. 98. Revised, December 2005, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 103.]

**.66** During the audit of the current-period financial statements, the auditor should be alert for circumstances or events that affect the prior-period financial statements presented (see paragraph .68) or the adequacy of informative disclosures concerning those statements. (See section 431, *Adequacy of Disclosure in Financial Statements*, and ARB No. 43, Chapter 2A [AC section F43].) In updating his or her report on the prior-period financial statements, the auditor should consider the effects of any such circumstances or events coming to his or her attention. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

## Different Reports on Comparative Financial Statements Presented

**.67** Since the auditor's report on comparative financial statements applies to the individual financial statements presented, an auditor may express a qualified or adverse opinion, disclaim an opinion, or include an explanatory paragraph with respect to one or more financial statements for one or more periods, while issuing a different report on the other financial statements presented. Following are examples of reports on comparative financial statements (excluding the standard introductory and scope paragraphs, where applicable) with different reports on one or more financial statements presented.

## Standard Report on the Prior-Year Financial Statements and a Qualified Opinion on the Current-Year Financial Statements

<u>Independent Auditor's Report</u>

*[Same first and second paragraphs as the standard report]*

The Company has excluded, from property and debt in the accompanying 20X2 balance sheet, certain lease obligations that were entered into in 20X2 which, in our opinion, should be capitalized in order to conform with accounting principles generally accepted in the United States of America. If these lease obligations were capitalized, property would be increased by $_____, long-term debt by

---

[24] A continuing auditor need not report on the prior-period financial statements if only summarized comparative information of the prior period(s) is presented. For example, entities such as state and local governmental units frequently present total-all-funds information for the prior period(s) rather than information by individual funds because of space limitations or to avoid cumbersome or confusing formats. Also, not-for-profit organizations frequently present certain information for the prior period(s) in total rather than by net asset class. In some circumstances, the client may request the auditor to express an opinion on the prior period(s) as well as the current period. In those circumstances, the auditor should consider whether the information included for the prior period(s) contains sufficient detail to constitute a fair presentation in conformity with generally accepted accounting principles. In most cases, this will necessitate including additional columns or separate detail by fund or net asset class, or the auditor would need to modify his or her report. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000. Revised, April 2002, to reflect conforming changes necessary due to the issuance of FASB Statement No. 117.]

**AU §508.67**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**834**                     The Fourth Standard of Reporting

$\_\_\_\_, and retained earnings by $\_\_\_\_ as of December 31, 20X2, and net income and earnings per share would be increased (decreased) by $\_\_\_\_ and $\_\_\_\_, respectively, for the year then ended.

In our opinion, except for the effects on the 20X2 financial statements of not capitalizing certain lease obligations as described in the preceding paragraph, the financial statements referred to above present fairly, in all material respects, the financial position of ABC Company as of December 31, 20X2 and 20X1, and the results of its operations and its cash flows for the years then ended in conformity with accounting principles generally accepted in the United States of America.

## Standard Report on the Current-Year Financial Statements With a Disclaimer of Opinion on the Prior-Year Statements of Income, Retained Earnings, and Cash Flows

<u>Independent Auditor's Report</u>

*[Same first paragraph as the standard report]*

Except as explained in the following paragraph, we conducted our audits in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform our audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. We believe that our audits provide a reasonable basis for our opinion.

We did not observe the taking of the physical inventory as of December 31, 20X0, since that date was prior to our appointment as auditors for the Company, and we were unable to satisfy ourselves regarding inventory quantities by means of other auditing procedures. Inventory amounts as of December 31, 20X0, enter into the determination of net income and cash flows for the year ended December 31, 20X1.[25]

Because of the matter discussed in the preceding paragraph, the scope of our work was not sufficient to enable us to express, and we do not express, an opinion on the results of operations and cash flows for the year ended December 31, 20X1.

In our opinion, the balance sheets of ABC Company as of December 31, 20X2 and 20X1, and the related statements of income, retained earnings, and cash flows for the year ended December 31, 20X2, present fairly, in all material respects, the financial position of ABC Company as of December 31, 20X2 and 20X1, and the results of its operations and its cash flows for the year ended December 31, 20X2, in conformity with accounting principles generally accepted in the United States of America.

---

[25]  It is assumed that the independent auditor has been able to satisfy himself or herself as to the consistency of application of generally accepted accounting principles. See section 420, *Consistency of Application of Generally Accepted Accounting Principles*, for a discussion of consistency. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995; the former footnote 29 has been deleted and subsequent footnotes renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.67**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

[Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

## Opinion on Prior-Period Financial Statements Different From the Opinion Previously Expressed

**.68**  If, during the current audit, an auditor becomes aware of circumstances or events that affect the financial statements of a prior period, he or she should consider such matters when updating his or her report on the financial statements of the prior period. For example, if an auditor has previously qualified his or her opinion or expressed an adverse opinion on financial statements of a prior period because of a departure from generally accepted accounting principles, and the prior-period financial statements are restated in the current period to conform with generally accepted accounting principles, the auditor's updated report on the financial statements of the prior period should indicate that the statements have been restated and should express an unqualified opinion with respect to the restated financial statements. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

**.69**  If, in an updated report, the opinion is different from the opinion previously expressed on the financial statements of a prior period, the auditor should disclose all the substantive reasons for the different opinion in a separate explanatory paragraph(s) preceding the opinion paragraph of his or her report.[fn 29] The explanatory paragraph(s) should disclose (a) the date of the auditor's previous report, (b) the type of opinion previously expressed, (c) the circumstances or events that caused the auditor to express a different opinion, and (d) that the auditor's updated opinion on the financial statements of the prior period is different from his or her previous opinion on those statements. The following is an example of an explanatory paragraph that may be appropriate when an auditor issues an updated report on the financial statements of a prior period that contains an opinion different from the opinion previously expressed:

Independent Auditor's Report

*[Same first and second paragraphs as the standard report]*

In our report dated March 1, 20X2, we expressed an opinion that the 20X1 financial statements did not fairly present financial position, results of operations, and cash flows in conformity with accounting principles generally accepted in the United States of America because of two departures from such principles: (1) the Company carried its property, plant, and equipment at appraisal values, and provided for depreciation on the basis of such values, and (2) the Company did not provide for deferred income taxes with respect to differences between income for financial reporting purposes and taxable income. As described in Note X, the Company has changed its method of accounting for these items and restated its 20X1 financial statements to conform with accounting principles generally accepted in the United States of America. Accordingly, our present opinion on the 20X1 financial statements, as presented herein, is different from that expressed in our previous report.[26]

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of X Company as of December 31, 20X2 and 20X1, and the results of its operations and its cash flows for the years

---

[26]  See footnote 17. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.69**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**836**                    The Fourth Standard of Reporting

then ended in conformity with accounting principles generally accepted in the
United States of America.

[Paragraph renumbered by the issuance of Statement on Auditing Standards
No. 79, December 1995.]

## Report of Predecessor Auditor

**.70**  A predecessor auditor ordinarily would be in a position to reissue his or
her report on the financial statements of a prior period at the request of a former
client if he or she is able to make satisfactory arrangements with the former
client to perform this service and if he or she performs the procedures described
in paragraph .71.[27] [Paragraph renumbered by the issuance of Statement on
Auditing Standards No. 79, December 1995.]

### Predecessor Auditor's Report Reissued

**.71**  Before reissuing (or consenting to the reuse of) a report previously
issued on the financial statements of a prior period, when those financial state-
ments are to be presented on a comparative basis with audited financial state-
ments of a subsequent period, a predecessor auditor should consider whether
his or her previous report on those statements is still appropriate. Either the
current form or manner of presentation of the financial statements of the prior
period or one or more subsequent events might make a predecessor auditor's
previous report inappropriate. Consequently, a predecessor auditor should (a)
read the financial statements of the current period, (b) compare the prior-period
financial statements that he or she reported on with the financial statements
to be presented for comparative purposes, and (c) obtain representation let-
ters from management of the former client and from the successor auditor.
The representation letter from management of the former client should state
(a) whether any information has come to management's attention that would
cause them to believe that any of the previous representations should be modi-
fied, and (b) whether any events have occurred subsequent to the balance-sheet
date of the latest prior-period financial statements reported on by the prede-
cessor auditor that would require adjustment to or disclosure in those finan-
cial statements.[28] The representation letter from the successor auditor should
state whether the successor's audit revealed any matters that, in the successor's
opinion, might have a material effect on, or require disclosure in, the financial
statements reported on by the predecessor auditor. Also, the predecessor au-
ditor may wish to consider the matters described in section 543, *Part of Audit
Performed by Other Independent Auditors*, paragraphs .10 through .12. How-
ever, the predecessor auditor should not refer in his or her reissued report to the
report or work of the successor auditor. [Paragraph renumbered by the issuance
of Statement on Auditing Standards No. 79, December 1995. As amended, ef-
fective for reports reissued on or after June 30, 1998, by Statement on Auditing
Standards No. 85.]

**.72**  A predecessor auditor who has agreed to reissue his or her report may
become aware of events or transactions occurring subsequent to the date of his

---

[27]  It is recognized that there may be reasons why a predecessor auditor's report may not be reis-
sued and this section does not address the various situations that could arise. [Footnote renumbered
by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently
renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

[28]  See section 333, *Management Representations*, Appendix C [paragraph .18], "Illustrative Up-
dating Management Representation Letter." [Footnote added, effective for reports reissued on or after
June 30, 1998, by Statement on Auditing Standards No. 85. Footnote renumbered by the issuance of
Statement on Auditing Standards No. 93, October 2000.]

**AU §508.70**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

or her previous report on the financial statements of a prior period that may affect his or her previous report (for example, the successor auditor might indicate in the response that certain matters have had a material effect on the prior-period financial statements reported on by the predecessor auditor). In such circumstances, the predecessor auditor should make inquiries and perform other procedures that he or she considers necessary (for example, reviewing the working papers of the successor auditor as they relate to the matters affecting the prior-period financial statements). The auditor should then decide, on the basis of the audit evidence obtained, whether to revise the report. If a predecessor auditor concludes that the report should be revised, he or she should follow the guidance in paragraphs .68, .69, and .73 of this section. [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Revised, March 2006, to reflect conforming changes necessary due to the issuance of Statement on Auditing Standards No. 105.]

**.73** A predecessor auditor's knowledge of the current affairs of his former client is obviously limited in the absence of a continuing relationship. Consequently, when reissuing the report on prior-period financial statements, a predecessor auditor should use the date of his or her previous report to avoid any implication that he or she has examined any records, transactions, or events after that date. If the predecessor auditor revises the report or if the financial statements are restated, he or she should dual-date the report. (See section 530, *Dating of the Independent Auditor's Report*, paragraph .05.) [Paragraph renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995.]

### Predecessor Auditor's Report Not Presented

**.74** If the financial statements of a prior period have been audited by a predecessor auditor whose report is not presented, the successor auditor should indicate in the introductory paragraph of his or her report (*a*) that the financial statements of the prior period were audited by another auditor,[29] (*b*) the date of his or her report, (*c*) the type of report issued by the predecessor auditor, and (*d*) if the report was other than a standard report, the substantive reasons therefor.[30] An example of a successor auditor's report when the predecessor auditor's report is not presented is shown below:

<u>Independent Auditor's Report</u>

We have audited the balance sheet of ABC Company as of December 31, 20X2, and the related statements of income, retained earnings, and cash flows for the year then ended. These financial statements are the responsibility of the Company's management. Our responsibility is to express an opinion on these financial statements based on our audit. The financial statements of ABC Company as of December 31, 20X1, were audited by other auditors whose report dated March 31, 20X2, expressed an unqualified opinion on those statements.

---

[29] The successor auditor should not name the predecessor auditor in his or her report; however, the successor auditor may name the predecessor auditor if the predecessor auditor's practice was acquired by, or merged with, that of the successor auditor. [Footnote renumbered by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 85, November 1997. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

[30] If the predecessor's report was issued before the effective date of this section and contained an uncertainties explanatory paragraph, a successor auditor's report issued or reissued after the effective date hereof should not make reference to the predecessor's previously required explanatory paragraph. [Footnote added, effective for reports issued or reissued on or after February 29, 1996, by Statement on Auditing Standards No. 79. Footnote renumbered by the issuance of Statement on Auditing Standards No. 85, November 1997. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.74**

P1: JsY
AICP086-p671-864    AICPA086-Vol-I-PS.cls    July 7, 2007    5:18

**838**            The Fourth Standard of Reporting

*[Same second paragraph as the standard report]*

In our opinion, the 20X2 financial statements referred to above present fairly, in all material respects, the financial position of ABC Company as of December 31, 20X2, and the results of its operations and its cash flows for the year then ended in conformity with accounting principles generally accepted in the United States of America.

If the predecessor auditor's report was other than a standard report, the successor auditor should describe the nature of and reasons for the explanatory paragraph added to the predecessor's report or the opinion qualification. Following is an illustration of the wording that may be included in the successor auditor's report:

... were audited by other auditors whose report dated March 1, 20X2, on those statements included an explanatory paragraph that described the change in the Company's method of computing depreciation discussed in Note X to the financial statements.

If the financial statements have been restated, the introductory paragraph should indicate that a predecessor auditor reported on the financial statements of the prior period before restatement. In addition, if the successor auditor is engaged to audit and applies sufficient procedures to satisfy himself or herself as to the appropriateness of the restatement adjustments, he or she may also include the following paragraph in his report:

We also audited the adjustments described in Note X that were applied to restate the 20X1 financial statements. In our opinion, such adjustments are appropriate and have been properly applied.

[Paragraph renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79.]

## Effective Date and Transition

**.75**  This section is effective for reports issued or reissued on or after February 29, 1996. Earlier application of the provisions of this section is permissible. [Paragraph renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79.]

**.76**  An auditor who previously included an uncertainties explanatory paragraph in a report should not repeat that paragraph and is not required to include an emphasis paragraph related to the uncertainty in a reissuance of that report or in a report on subsequent periods' financial statements, even if the uncertainty has not been resolved. If the auditor decides to include an emphasis paragraph related to the uncertainty, the paragraph may include an explanation of the change in reporting standards.[31] [Paragraph renumbered and amended, effective for reports issued or reissued on or after February 29, 1996, by the issuance of Statement on Auditing Standards No. 79.]

---

**[The next page is 851.]**

---

[31]  [Footnote renumbered and deleted by the issuance of Statement on Auditing Standards No. 79, December 1995. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 85, November 1997. Footnote subsequently renumbered by the issuance of Statement on Auditing Standards No. 93, October 2000.]

**AU §508.75**

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

April 10, 2008

<u>**VIA EMAIL AND FED EX**</u>

Robert A. Nicholas, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022

Re:    *Varga, et al. v. Bear Stearns Asset Management Inc., et al.*,
      No. 08-CV-03397 (BSJ) (S.D.N.Y.)

Dear Mr. Nicholas:

We represent Defendant Deloitte & Touche LLP ("Deloitte") in the above-captioned matter. We request that you promptly dismiss Deloitte from the action pursuant to Fed. R. Civ. P. 41(a) for several reasons.

First, all claims against Deloitte lack subject matter jurisdiction. The Complaint invokes the diversity statute, 28 U.S.C. § 1332, as the exclusive basis for subject matter jurisdiction. (Complaint, dated Apr. 4, 2008 ("Compl.") ¶ 20.) According to the Complaint, the Joint Voluntary Liquidators (the "Plaintiffs") are non-resident aliens; Geoffrey Varga is a citizen of Canada residing in the Cayman Islands, and William Cleghorn is a citizen and resident of the United Kingdom. (Compl. ¶ 22.) Deloitte is a limited liability partnership which "must be treated for diversity purposes as a citizen of every state of which any of its members is a citizen." *Mudge Rose Guthrie Alexander & Ferdon v. Pickett*, 11 F. Supp. 2d 449, 451 (S.D.N.Y. 1998); 15-102 Moore's Federal Practice – Civil § 102.57[9].

Diversity is lacking here because the alien Plaintiffs are non-diverse with alien Deloitte partners residing in the United States. There is no diversity jurisdiction if any Deloitte partner is non-diverse with any of the Plaintiffs. *See Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 52 (2d Cir. 2000); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, No. 93 Civ. 6876 (LMM), 1998 U.S. Dist. LEXIS 2280, at *3-4 (S.D.N.Y. Mar. 3, 1998). At least fifteen Deloitte partners are aliens residing in the United States. Even if all of these partners were considered permanent residents, the vast majority rule is that "a [diversity] suit between a permanent resident alien and a non-resident alien is barred" because of the absence of diversity. *Eridan Shipping Ltd. v. Filatov*, No. 07 Civ. 6347 (HB), 2008 U.S. Dist. LEXIS 17014, at *3-5 (S.D.N.Y. Mar. 5, 2008); *see also Azimut-Benetti S.p.A. v. Magnum Marine Corp.*, No. 05 Civ. 3260 (SHS), 2005 U.S. Dist. LEXIS 16717, at *3 (S.D.N.Y. Aug. 10, 2005) ("The Court has concluded that it lacks diversity jurisdiction because this litigation is between

LATHAM&WATKINS<sup>LLP</sup>

two aliens, notwithstanding that Theodoli is a permanent resident alien domiciled in Florida."); *Kahn v. State Bank of India*, No. 01 Civ. 1305 (SAS), 2001 U.S. Dist. LEXIS 17948, at *6-9 (S.D.N.Y. Nov. 2, 2001) (no diversity between aliens even though one alien allegedly resided in New York); *Marcus v. "Five J" Jewelers Precious Metals Indus. Ltd.*, 111 F. Supp. 2d 445, 448 (S.D.N.Y. 2000) (holding that § 1332 does not "create[] diversity jurisdiction of suits in which a permanent resident alien appears opposite another alien"); *Lee v. Trans Am. Trucking Serv., Inc.*, 111 F. Supp. 2d 135, 141 (E.D.N.Y. 1999) (holding that § 1332 does "not confer diversity jurisdiction over a lawsuit between an alien on one side and an alien and a citizen on the other side, regardless of the residence status of the aliens"); *Buti v. Impressa Perosa, S.R.L.*, 935 F. Supp. 458, 462-63 (S.D.N.Y. 1996) (same); *A.T.X. Export Ltd. v. Mendler*, 849 F. Supp. 283, 284 (S.D.N.Y. 1994) (same); *Lloyds Bank PLC v. Norkin*, 817 F. Supp. 414, 415-16 (S.D.N.Y. 1993) (same). Where, as here, alien Plaintiffs have sued a partnership which has non-diverse alien partners, and diversity is the sole basis for subject matter jurisdiction, the action must be dismissed. *See, e.g., Bank Brussels Lambert*, 1998 U.S. Dist. LEXIS 2280, at *3-4 (no diversity jurisdiction where alien plaintiff sued defendant partnership which had "partners who are aliens . . . Since a partnership, for diversity purposes, is considered to be a citizen of each place of which a partner is a citizen . . . [the partnership,] as well as [plaintiff] is an alien for diversity purposes").

Indeed, less than a year ago, a federal court dismissed an action against Deloitte for this very reason. *See Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118 (S.D. Iowa 2007). In *Thompson*, alien Plaintiffs (citizens of Bermuda and the Bahamas) brought a diversity action against Deloitte in the Southern District of Iowa. *Id.* at 1120. Because at that time twenty-nine of its partners were aliens residing in the United States, Deloitte moved to dismiss for lack of complete diversity. *Id.* at 1125. The Court granted Deloitte's motion, holding that "complete diversity jurisdiction [can]not be maintained because aliens are present on both sides of the controversy." *Id.* at 1129.

This analysis is not changed by *Steiner v. Atochem*, 70 Fed. Appx. 599 (2d Cir. 2003), an unpublished summary order with no precedential effect, *see* Local App. R. 32.1(b); *Loughman v. Unum Provident Corp.*, No. 04 Civ. 5494 (WCC), 2008 U.S. Dist. LEXIS 14548, at *17 (S.D.N.Y. Feb. 25, 2008). *Steiner* involved an action between a permanent resident alien and a non-resident alien in which subject matter jurisdiction allegedly arose from diversity between the parties. The parties submitted a stipulation of dismissal after the action was initiated, and the district court dismissed the case. *Steiner*, 70 Fed. Appx. at 599. On appeal, the plaintiff sought to void that judgment pursuant to Fed. R. Civ. P. 60(b)(4) on the ground that the parties were not diverse and, as a result, the district court lacked subject matter jurisdiction. In addressing this question, the Second Circuit analyzed the portion of the diversity statute added by Congressional amendment in 1988 that reads: "For purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which the alien is domiciled." *Id.* at 600. The Court found that this language:

> may very plausibly be read as dealing with [suits between permanent resident aliens and U.S. citizens domiciled in the same state] and, hence, as having nothing to do with suits between two aliens. Indeed, an early Supreme Court decision suggests that it would be unconstitutional to

LATHAM&WATKINS LLP

> create diversity jurisdiction among aliens . . . Since 1990, we have
> implied . . . and several district courts have held . . . that the 1998
> amendment does not confer jurisdiction [in suits between a non-resident
> alien and a permanent resident alien].

*Id.* at 600 & n.3 (citations omitted). Despite this precedent, the Court determined that a Rule 60(b)(4) motion to vacate "will not be granted where the district court had a 'reasonable basis' for exercising jurisdiction, *although the court may have erred in fact as to the existence of the jurisdiction*." *Id.* at 599-600 (emphasis supplied). Because some authorities previously had suggested that the 1988 amendment would create diversity between a non-resident and a permanent resident alien, the Court found that "[u]nder the circumstances, we cannot say that the exercise of jurisdiction to accept a stipulation of dismissal—at least at the time that jurisdiction was taken—was so unreasonable as to constitute a 'usurpation.'" *Id.* at 600. In merely finding that the district court's decision was not irrational, *Steiner* does nothing to alter the vast majority rule in this Circuit.[1]

The doctrinal underpinnings of the majority rule are exceedingly sound. Congress' purpose in enacting the 1988 amendment to 28 U.S.C. § 1332 was not to confer "citizenship" on resident aliens, but rather to prevent an alien permanently residing in a state from suing a citizen of the same state under 28 U.S.C. § 1332 (a)(2), because such a "suit between neighbors" contravenes the purposes of diversity jurisdiction. *See Marcus*, 111 F. Supp. 2d at 448; *Lee*, 111 F. Supp. 2d at 140; *Lloyds Bank*, 817 F. Supp. at 419. Indeed, interpreting the 1988 amendment to confer "citizenship" on resident aliens would render the amendment unconstitutional. "[C]ourts have consistently held that jurisdiction over suits between aliens exceeds the constitutional grant of judicial power" under Article III. *Lee*, 111 F. Supp. 2d at 140 (citing *Kramer v. Caribbean Mills*, 394 U.S. 823 (1969)); *see also Buti*, 935 F. Supp. at 461 ("For purposes of diversity jurisdiction, it is clear that Article III of the Constitution does not afford Congress the power to grant the federal courts jurisdiction over an action between two aliens.") The majority rule's interpretation of the 1988 amendment also is consistent with Congress' intent to make "modest adjustments to the scope of diversity jurisdiction to relieve the caseload pressures on the Federal Courts." 131 Congr. Rec. 31054 (1988); *see also Buti*, 935 F. Supp. at 462 (collecting cases setting forth the congressional intent). Permitting aliens to sue each other in federal court, where such lawsuits were not permitted prior to 1988, would *increase* the number of cases filed in contravention of the legislative intent.

Diversity is the only basis for subject matter jurisdiction asserted in the Complaint. In light of the precedent establishing that there is no diversity between Plaintiffs and

---

[1] In any event, even putting aside *Steiner's lack of precedential effect*, the case is readily distinguishable. In *Steiner*, the district court exercised its jurisdiction merely to accept a stipulation of dismissal signed by the allegedly non-diverse parties, and the party opposing jurisdiction on appeal had failed to raise the jurisdictional issue before the district court. 70 Fed. Appx. at 600. Here, Deloitte will move to dismiss in timely fashion and, were the claims to proceed, the court would be accepting jurisdiction for a much broader purpose than the voluntary dismissal of the case.

April 10, 2008
Page 4

LATHAM&WATKINS LLP

Deloitte, continuation of this action against Deloitte would be futile, and would give rise to the needless burden on the Court and expense of briefing and arguing Deloitte's motion to dismiss. We therefore request that Plaintiffs voluntarily dismiss their claims against Deloitte pursuant to Fed. R. Civ. P. 41(a).

Second, it is obvious from the face of the complaint and from the financial statements that are the subject of the complaint, that Plaintiffs have no legitimate basis for a claim against Deloitte. Moreover, although the complaint contains multiple references to alleged "fraud" committed by Deloitte, it does not even make a minimal attempt to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. The filing of such a complaint has done serious damage to Deloitte's reputation without basis, and we insist that you withdraw that complaint as to Deloitte promptly.

Finally, Deloitte is highly disappointed that your firm has sued Deloitte when Reed Smith currently represents Brian Spires, a former Deloitte employee, in connection with legal and administrative proceedings related to National Century Financial Enterprises, Inc. Deloitte has paid the fees and expenses incurred by Reed Smith during the course of these proceedings and has shared confidential and proprietary information with Reed Smith in a joint defense effort on behalf of Mr. Spires. Thus, even if Plaintiffs do not voluntarily dismiss their claims against Deloitte (as they should), we request that Reed Smith withdraw from representing Plaintiffs with respect to those claims, in light of this apparent conflict.

Sincerely,

*Jamie Wine / eso*

Jamie L. Wine, Esq.
of LATHAM & WATKINS LLP

# ReedSmith

# FAX TRANSMITTAL

**From: Robert A. Nicholas**
Direct Phone:  +1 212 549 0452
Email:  rnicholas@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
www.reedsmith.com

**Total Number Of Pages Including Cover Page**  2

April 17, 2008

**Fax to:**

| Name | Company | Fax Number | Phone Number |
|------|---------|------------|--------------|
| Jamie L. Wine | Latham & Watkins LLP | (212) 751-4864 | (212) 906-1200 |

**Original will follow via:**  ☐ Regular Mail  ☐ Overnight Delivery  ☐ Messenger  ☒ None

**Notes:**

**If you do not receive all of the pages, please call Harriet M. Clary at (212) 549-0268.**

Please Transmit Before  ☐9  ☐10  ☐11 a.m.  ☐12  ☐1  ☐2  ☐3  ☐4  ☐5  ☐6  ☐7  ☐8 p.m.

| Elite Number: | 000296 | Client Number: | 260433 | Matter Number: | 60001 |
|---|---|---|---|---|---|

Transmission Time: _____ a.m./p.m.    Finish Time: _____ a.m./p.m.
Operator: _____

**PLEASE NOTE:** The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown above. Thank you.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH

OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

# ReedSmith

**Robert A. Nicholas**
Direct Phone: +1 212 549 0452
Email: rnicholas@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
www.reedsmith.com

April 17, 2008

**Via Facsimile (212) 751-4864 and U.S. Mail**

Jamie L. Wine, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4834

**Varga, et al. v. Bear Stearns Asset Management Inc., et al.,
No. 08-CV-03397 (BSJ) (S.D.N.Y.)**

Dear Ms. Wine:

I received your April 10, 2008 letter.

We are of the view that the Court has subject matter jurisdiction over DeLoitte, and that if DeLoitte chooses to join issue as to diversity, we will prevail.  So, we do not intend to "voluntarily dismiss" the Complaint.

We also believe that the Complaint is well pled and complies with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  You "insist" in your letter that we "withdraw" the Complaint.  We will not do that.

Finally, we have reviewed the circumstances of the Brian Spires matter.  The retention documentation could not be clearer that Reed Smith represents Mr. Spires and not DeLoitte.  There is no issue here.

Very truly yours,

Robert A. Nicholas

RAN:hmc

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

NYLIB-7910681.1-RANICHOL 4/17/08 2:49 PM