# KRAMER LEVIN NAFTALIS & FRANKEL LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM





*A conference will be held on Sept. 2, 2008 at 3 p.m.*
X [signature] 8/18/08

August 18, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/08

VIA FACSIMILE

The Honorable Alvin K. Hellerstein
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

    Re:   *FIC, L.P. v. Bear Stearns Asset Management Inc., et al.,*
           No. 07 Civ. 11633 (AKH) ("*FIC*")

          *Navigator Capital Partners, L.P. v. Bear Stearns Asset
          Management Inc., et al.,* No. 07 Civ. 7783 (AKH) ("*Navigator*")

          *Geoffrey Varga, et al. v. Bear Stearns Asset Management
          Inc., et al.,* No. 08 Civ. 3397 (AKH) ("*Varga*")

Dear Judge Hellerstein:

        We represent The Bear Stearns Companies Inc., Bear Stearns Asset Management Inc. ("BSAM"), and Bear, Stearns & Co. Inc., defendants in each of the three above-referenced actions. We also represent Bear, Stearns Securities Corp. (together, with the other entities, the "Bear Stearns Defendants"), Barry Cohen, Gerald Cummins, Greg Quental and David Sandelovsky, who are named as defendants in both the *Navigator* and *Varga* actions, and Michael Guarasci and George Buxton, who are named as defendants in *Varga*. As Your Honor is aware, pursuant to Local Rule 1.6, we recently wrote to alert the Court to facts demonstrating that the *FIC*, *Navigator* and *Varga* actions should be heard by the same judge in order to avoid unnecessary duplication of judicial effort. As a result, the *Varga* action was transferred to Your Honor, before whom the *FIC* and *Navigator* actions were already pending.

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM
KL3 2671318.1                    ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

The Honorable Alvin K. Hellerstein
August 18, 2008
Page 2

      Now that these cases are all pending before Your Honor, we write to respectfully request (i) a conference to discuss consolidation of these three actions; and (ii) an adjournment of the current briefing schedules in *FIC*, *Varga*, and *Navigator* pending a decision by the Court on consolidation. As the Court may be aware, the Bear Stearns Defendants' motions to dismiss are presently due to be filed (i) in *FIC* on August 21; (ii) in *Varga* on September 9; and (iii) in *Navigator* on October 23.[1] If the Court ultimately requires a consolidated complaint, the Court would be faced with one — rather than three — dismissal motions.[2]

      Consolidation under Rule 42(a) is appropriate "when actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). As the Second Circuit has explained, consolidation is "'a valuable and important tool of judicial administration,' . . . invoked to 'expedite trial and eliminate unnecessary repetition and confusion.'" *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotations omitted). Indeed, "in the exercise of discretion [on whether or not to consolidate actions], courts have taken the view that considerations of judicial economy favor consolidation." *In re UBS Auction Rate Sec. Lit.*, No. 08 Civ. 2967, 2008 WL 2796592, at *2 (S.D.N.Y. July 16, 2008). Courts have further held that "'consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.'" *Baughman v. Pall Corp.*, Nos. 07-CV-3359, 07-CV-3712, 07-CV-4110, 07-CV-4252, 08-CV-144, 2008 WL 2244975, * 2 (E.D.N.Y. May 28, 2008) (quoting *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). So long as the actions are factually and legally similar, consolidation is appropriate. This is true even where the actions involved slightly different claims or parties or are at different procedural stages. *See, e.g., In re UBS Auction Rate Sec. Lit.*, 2008 WL 2796592, at *2 (consolidating an action on behalf of a purported class asserting, *inter alia*, claims under the Investment Advisers Act of 1940 with three other class actions that purported to assert claims under the Securities Exchange Act, even though the latter cases were subject to the PSLRA while the former was not); *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005)

---

[1] Several of the other defendants are on different briefing schedules.

[2] Counsel for each of the defendants in all three actions join in the request to adjourn the current briefing schedules pending a decision on consolidation. Counsel for plaintiff Navigator does not take a position as to our request for an adjournment. Counsel for plaintiff FIC consents to an adjournment to the extent defendants need additional time to complete their brief, but does not consent to an open-ended adjournment until a decision on consolidation. Counsel for Varga does not consent to a change of the current schedule. The parties have differing views on consolidation, which each will raise separately before the Court.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Honorable Alvin K. Hellerstein
August 18, 2008
Page 3

(consolidating cases even though the plaintiffs alleged "slightly different class periods[, ] name[d] different individual defendants" and asserted slightly different claims because "none of these minor differences, [] which can be resolved when the appointed lead plaintiff files a consolidated complaint, detracts from the overwhelming factual and legal similarities among the cases").

In each of the three cases pending before Your Honor, plaintiffs seek to recover, from overlapping groups of defendants and based on similar factual and legal theories, losses purportedly suffered on investments in two hedge funds — the Bear Stearns High-Grade Structured Credit Strategies Master Fund Ltd. (the "HG Fund") and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund Ltd. (the "EL Fund"). The HG Fund managed money invested by U.S. persons through Bear Stearns High-Grade Structured Credit Strategies, L.P. (the "Domestic HG Feeder"), and by non-U.S. persons through Bear Stearns High-Grade Structured Credit Strategies (Overseas), Ltd. (the "Offshore HG Feeder"). Likewise, the EL Fund managed money invested through Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. (the "Domestic EL Feeder") and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas), Ltd. (the "Offshore EL Feeder"). (*FIC* Am. Compl. ¶ 3; *Navigator* Amended Compl. ¶ 4; *Varga* Am. Compl. ¶ 61).

In each of these actions, plaintiffs allege that BSAM and certain of its employees made material misrepresentations and/or withheld information from investors in the funds and that BSAM, as investment manager, mismanaged the funds. The *Varga* action — brought by liquidators for the Offshore HG Feeder and the Offshore EL Feeder (together, the "Offshore Feeders") and by two entities that allegedly invested in the Master Funds through the Domestic HG Feeder and the Domestic EL Feeder (together, the "Domestic Feeders") — seeks to recover losses in connection with both Master Funds and all four feeder funds. The *Varga* plaintiffs assert derivative claims, on behalf of the Overseas Feeders and the Domestic Feeders, and direct claims for securities fraud and "control person" liability, under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. (*Id.* ¶¶ 494-526, 527-73, 636-38). The *Navigator* and *FIC* plaintiffs purport to bring direct claims on behalf of themselves and a putative class of investors and, like the plaintiffs in *Varga*, derivative claims on behalf of the funds themselves. Navigator, for example, has recently filed a 131-page amended complaint, asserting, *inter alia,* derivative claims for breach of fiduciary duty and gross negligence against BSAM and others, which are the exact same claims, based on the same factual allegations, as those asserted in *Varga*. And, like Varga, Navigator seeks to recover losses in connection with the Domestic HG Feeder and the HG Fund. FIC, like Varga, seeks to recover losses in connection with the Domestic EL Feeder and the EL Fund. The claims in *Varga, Navigator* and *FIC* are based on the same offering documents for the feeder funds, similar alleged misrepresentations and omissions, and the same written materials allegedly disseminated to investors.

KL3 2673318 1

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Honorable Alvin K. Hellerstein
August 18, 2008
Page 4

    Given the substantial overlap of parties, facts and legal theories in these three actions, the Bear Stearns Defendants respectfully request a conference to discuss consolidation of the *Navigator*, *FIC*, and *Varga* actions. We further request that Your Honor adjourn the current briefing schedules pending a decision as to whether these three cases should be consolidated.

    Thank you for your consideration.

Respectfully submitted,

Barry H. Berke

cc:  Nina Beattie, Esq. (by email)
   Michael A. Collora, Esq. (by e-mail)
   Richard A. Martin, Esq. (by e-mail)
   Robert A. Nicholas, Esq. (by e-mail)
   James S. Notis, Esq. (by e-mail)
   Catherine L. Redlich, Esq. (by e-mail)
   James J. Sabella, Esq. (by e-mail)
   Max R. Shulman, Esq. (by e-mail)
   Marc A. Weinstein, Esq. (by e-mail)
   Johnston de F. Whitman, Jr., Esq. (by e-mail)

KL3 2673318.1