UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------- x

NAVIGATOR CAPITAL PARTNERS, L.P., on behalf of
itself and all others similarly situated,

        Plaintiff,

    -against-

BEAR STEARNS ASSET MANAGEMENT INC., *et al.*,

        Defendants,

    -and-

BEAR STEARNS HIGH-GRADE STRUCTURED
CREDIT STRATEGIES, L.P.,

        Nominal Defendant.

No. 07 Civ. 07783 (AKH)

------------------------------------------------------- x

FIC, L.P., individually, and on behalf of all others similarly
situated,

        Plaintiff,

    -against-

BEAR STEARNS ASSET MANAGEMENT INC., *et al.*,

        Defendants,

    -and-

BEAR STEARNS HIGH-GRADE STRUCTURED
CREDIT STRATEGIES ENHANCED LEVERAGE, L.P.,

        Nominal Defendant.

No. 07 Civ. 11633 (AKH)

------------------------------------------------------- x

| | |
|---|---|
| GEOFFREY VARGA and WILLIAM CLEGHORN, as Joint Official Liquidators of Bear Stearns High-Grade Structured Credit Strategies (Overseas) Ltd. and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., <br><br>       Plaintiffs, <br><br>-against- <br><br>BEAR STEARNS ASSET MANAGEMENT INC., *et al.*, <br><br>       Defendants. | No. 08 Civ. 03397 (AKH) |
| GEOFFREY VARGA and WILLIAM CLEGHORN, as Joint Official Liquidators of Bear Stearns High-Grade Structured Credit Strategies (Overseas) Ltd. and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., <br><br>       Plaintiffs, <br><br>-against- <br><br>DELOITTE & TOUCHE LLP, *et al.*, <br><br>       Defendants. | No. 09 Civ. 04936 (AKH) |

## SECOND JOINT DISCOVERY PLAN

**WHEREAS:**

A. On March 18, 2009, the Court entered a Stipulation and Protective Order in *Navigator Capital Partners v. Bear Stearns Asset Mgmt. Inc., et al.*, No. 07 Civ. 07783 (AKH) (the "Navigator Action") and *FIC, L.P. v. Bear Stearns Asset Mgmt. Inc., et al.*, No. 07 Civ. 11633 (AKH) (the "FIC Action") which was later amended to include *Varga, et al. v. The Bear Stearns Companies, Inc., et al.*, No. 08 Civ. 03397 (AKH) (the "Varga 2008 Action") by an Amended Stipulation and Protective Order, filed on May 6, 2009 (the "Amended Protective Order"). Also on May 6, 2009, the Court entered a "Stipulation and First Joint Discovery Plan" ("First Joint Discovery Plan") which had been stipulated to by all of the parties to the Navigator, FIC and Varga 2008 Actions.

B. Originally filed in New York State Court, both *Stillwater Market Neutral Fund II, L.P. v. Bear Stearns Asset Mgmt., Inc., et al.*, No. 09 Civ. 4223 (AKH) (the "Stillwater Action")[1] and *Varga, et al. v. Deloitte & Touche, LLP, et al.*, No. 09-CV-4936 (AKH) (the "Varga 2009 Action") were removed to this Court by Defendants, and both Varga and Stillwater filed separate Remand Motions.

C. Oral argument on the Remand Motions was heard on August 25, 2009, and the Court denied both motions. After it denied the motions, the Court indicated that all of the parties to the Stillwater and Varga 2009 Actions should coordinate discovery with the other actions without unnecessary duplication and should fall within the First Joint Discovery Plan.

---

[1] The Stillwater Action was initially commenced by Stillwater Capital Partners, L.P. ("Stillwater Capital"). On October 6, 2009, an Amended Complaint was filed in the Stillwater Action, alleging that the relevant investments were made by Stillwater Market Neutral Fund II LP and substituting that entity as plaintiff (hereinafter referred to as "Stillwater").

D. On December 15, 2009, the Court entered a Stipulation Amending First Joint Discovery Plan (the "Amended Discovery Plan").

E. On January 4, 2010, the Court entered a Second Amended Stipulation and Protective Order to include the Stillwater and Varga 2009 Action ("Second Amended Protective Order"). Separately, the parties entered into an Agreement Governing Access to Certain Electronic Workpapers of Deloitte & Touche LLP.

F. On November 20, 2009, the Bear Stearns defendants, Walkers defendants and defendants Cioffi, Tannin and McGarrigal moved to dismiss, stay or consolidate the Stillwater Action, and defendant Deloitte U.S. moved to dismiss the Stillwater Action. On November 24, 2009, Navigator also moved to dismiss, stay or consolidate the Stillwater Action. On November 20, 2009, defendants Deloitte & Touche LLP ("Deloitte U.S."), and Deloitte & Touche Cayman Islands ("Deloitte Cayman") moved to dismiss the Varga 2009 Action. On December 21, 2009, oppositions to all of these motions were filed and Stillwater filed its own motion to consolidate and for appointment of co-lead counsel, which Navigator and the Defendants opposed.

G. The parties to the Stillwater Action stipulated to a voluntary dismissal of that action with prejudice on or around June 23, 2010. The Stipulation was entered by the Court on September 3, 2010.

H. On June 24, 2010, the Court heard oral argument on Deloitte U.S.' and Deloitte Cayman's motions to dismiss the Varga 2009 Action. The motions were granted in part and denied in part, and the Court ordered that plaintiffs in the Varga 2009 Action file an amended complaint.

I.  An amended complaint was filed in the Varga 2009 Action on July 26, 2010. Deloitte U.S. and Deloitte Cayman moved to dismiss that complaint on September 3, 2010 and that motion is fully briefed and pending before the Court. This Second Joint Discovery Plan is without prejudice to any of these pending motions.

J.  The parties are submitting this Second Joint Discovery Plan pursuant to paragraph II(b) of the Amended Discovery Plan, which provides that: "[T]he parties shall submit a Second Joint Discovery Plan which shall propose a schedule for completion of remaining Phase II discovery, deposition discovery, as well as expert discovery, in all of the actions."

K.  Discovery disputes in the above-captioned actions will be presented to the Court in the manner provided in Rule 2.E. of this Court's Individual Rules.

L.  To the extent the parties seek to amend any of the dates for Phase I and Phase II discovery as set forth in the Amended Discovery Plan, they will meet and confer in good faith.

M.  Each of the parties in the above-captioned actions has completed its Phase I document productions pursuant to the Amended Discovery Plan. The parties will continue to meet and confer in an attempt to resolve disputes about the sufficiency of their respective productions, and nothing herein shall limit the parties' rights with respect to these continuing discussions.

N.  Pursuant to the Amended Discovery Plan, each party in FIC, Navigator, and the Varga 2008 Actions has produced to counsel for Walkers Funds Services Limited, Scott Lennon, Michelle Wilson-Clarke, Deloitte U.S., and Deloitte Cayman: (i) a copy of all discovery produced in these three actions in the same media in which it had previously been produced to the parties in those actions; (ii) a copy of any cover letters accompanying those

productions; (iii) copies of all correspondence generated by that party concerning Phase I discovery; and (iv) copies of all privilege logs provided to opposing counsel by that party.

    O.    Discovery against third-parties has commenced in the above-captioned actions and the parties agree to complete such discovery by the close of fact discovery, as detailed herein.

    P.    Pursuant to the Amended Discovery Plan, the parties in the above-captioned actions have met and conferred consistent with the requirements of that order and have agreed that the deadline for Phase II document production will be October 21, 2010.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the undersigned parties, through their undersigned counsel, as follows:

**I.    Document Discovery**

    a.    Phase II document discovery in the above-captioned actions shall be completed by October 21, 2010; provided however that (i) the parties may agree to produce limited portions thereafter and (ii) in the Varga 2009 Action, the parties shall if necessary agree upon a different date for completion of document discovery if Deloitte U.S. or Deloitte Cayman request additional time for production based upon the scope of discovery that results from the ongoing meet and confer process.

**II.    Deposition Discovery**

    a.    Fact depositions may commence on November 3, 2010. All fact depositions and other fact discovery shall be completed by May 27, 2011.

    b.    Pursuant to Federal Rule of Civil Procedure 26(f)(3)(E), the parties agree that plaintiffs may take no more than:

        (i) 27 depositions of the Bear Stearns defendants and their current or former

- employees as follows:

    (a) the seven named individual Bear Stearns defendants – *i.e.*, Messrs. Cioffi, Tannin, McGarrigal, Cohen, Cummins, Quental and Sandelovsky;

    (b) 18 other current or former Bear Stearns employees of plaintiffs' choosing;

    (c) one Federal Rule of Civil Procedure 30(b)(6) deposition of defendant Bear Stearns Asset Management, Inc.; and

    (d) one Federal Rule of Civil Procedure 30(b)(6) deposition of defendants Bear Stearns & Co., Inc., The Bear Stearns Companies, Inc. and Bear Stearns Securities Corp.;

(ii) 8 depositions of the Deloitte defendants;

(iii) 3 depositions of the Walkers defendants; provided, however, that plaintiffs agree to take the depositions of defendants Scott Lennon and Michelle Wilson-Clarke prior to any other Walkers witness and will meet and confer with the Walkers Defendants thereafter concerning whether an additional deposition is still needed, except that nothing herein shall be construed to limit plaintiffs' right to depose the third Walkers witness without making any additional showing;

(iv) Notwithstanding the limitations on depositions contained in this paragraph, any party may request an enlargement of the number of depositions taken from any party based on a showing of the need for such deposition as required by Federal Rule of Civil Procedure 30(a), and the

parties shall meet in good faith to discuss any such request, except that with respect to any request to enlarge the number of depositions of the Defendants and their current or former employees, plaintiffs must establish (a) that any additional deposition is not unreasonably cumulative or duplicative, (b) that the information sought cannot be obtained from some other source that is more convenient, less burdensome, or less expensive, (c) that plaintiffs have not had ample opportunity to obtain the information by the discovery in the action, and (d) that the burden and expense of the proposed additional discovery do not outweigh its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

c.  The parties agree that defendants may conduct a single deposition of Martin Friedman on behalf of FIC and a single deposition of Steven Resnick on behalf of Navigator. The witnesses will testify in their capacity as a fact witness and as designated witnesses with respect to any topics identified by defendants pursuant to Fed. R. Civ. P. 30(b)(6). Upon completion of the depositions, the parties will meet and confer in good faith concerning whether there is a need for any further deposition discovery of FIC and Navigator.

d.  Pursuant to Federal Rule of Civil Procedure 26(f)(3)(E), the parties agree that defendants may take 3 depositions of Messrs. Varga and Cleghorn (the "Varga Plaintiffs") and/or their representatives (collectively, the "Varga Plaintiff Depositions"); however, to the extent additional discovery reveals other potential depositions of representatives of the Varga Plaintiffs, the parties agree to meet and confer in good faith concerning such additional depositions.

Notwithstanding the limitation on depositions contained in this paragraph, should the parties not be able to resolve differences at a meet and confer, they may seek Court intervention pursuant to the Court's Individual Rules and the Federal Rules of Civil Procedure.

      e. The parties may propound one notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on each party (on parties other than the Bear Stearns defendants) in addition to those specified in sub-paragraphs c and d, above. All notices of depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) must be served ten days prior to the deposition of the first employee/former employee/witness on behalf of that party, or in the Varga 2009 Action prior to the date agreed upon by the parties for the completion of document discovery by Deloitte U.S. and Deloitte Cayman, so that the parties have the ability to designate individuals already sought for deposition as Federal Rule of Civil Procedure 30(b)(6) witnesses. To the extent any party designates as a Federal Rule of Civil Procedure 30(b)(6) witness anyone who is also designated individually, the deposing party will be entitled to additional time with that witness or those witnesses as set forth below, but not any additional depositions.

      f. The parties in the above-captioned actions intend to take at least forty depositions of non-party witnesses.

      g. Pursuant to Federal Rule of Civil Procedure 30(d)(1), all depositions shall be limited, collectively for all plaintiffs, to one day of seven hours, and collectively for all defendants to one additional day of seven hours. Notwithstanding anything to the contrary in this paragraph, plaintiffs may depose defendants Cioffi, Tannin and McGarrigal for up to fourteen hours. Further, should any party produce a witness for a Federal Rule of Civil Procedure 30(b)(6) deposition who also is requested individually for a deposition pursuant to paragraphs b, c or d above, the parties may use any of seven hours (or fourteen hours in the case

of defendants Cioffi, Tannin and McGarrigal) provided above for 30(b)(6) testimony. To the extent the parties are not able to complete the 30(b)(6) testimony within the allotted time for individual testimony, the parties have a total maximum of 3 1/2 hours of additional time to be used on 30(b)(6) topics, which 3 ½ hours of additional time may be divided between such witnesses testifying on 30(b)(6) topics as the deposing party sees fit (*i.e.* 3 ½ hours is the total collective cap of additional time to be used for 30(b)(6) topics and nothing herein is intended to provide 3 ½ of additional time per witness testifying on 30(b)(6) topics).

  h. Each party expressly reserves its right to depose any witness noticed or subpoenaed by any other party.

### III. Expert Discovery

  a. Plaintiffs' expert reports in the above-captioned actions shall be served no later than July 13, 2011. Defendants' expert reports shall be served no later than September 9, 2011. Plaintiffs' reply/supplemental expert reports, if any, shall be served no later than October 28, 2011.

  b. Depositions of plaintiffs' experts shall begin on November 11, 2011, and shall be completed no later than December 14, 2011. Depositions of defendants' experts shall begin on December 19, 2011, and shall be completed no later than January 18, 2012.

### IV. Summary Judgment

  a. Moving papers for any motions for summary judgment shall be served no later than February 24, 2012. Any opposition papers shall be served no later than March 30, 2012 and any reply papers shall be served no later than April 27, 2012.

   b. If a party serves a motion for summary judgment prior to February 24, 2012, any opposition papers shall be due forty days after the date of service of the motion and any reply papers shall be due thirty days after service of the opposition papers.

## V. Additional Discovery:

   a. Any party may seek to conduct additional fact discovery at any time during the deadlines set forth herein for fact discovery provided that any additional requests not be duplicative of previous requests or seek previously produced information, and the parties shall work in good faith to provide a mutually agreeable schedule for any such deposition, written response to discovery, or production of discovery materials.

## VI. Case Management Conference

   a. The parties in the above-captioned actions shall attend a case management conference, ~~on February 2, 2011, at __:00 __.m.~~ at a date and time to be fixed by the Court.

   b. Nothing in this Second Joint Discovery Plan shall prejudice any party's right in any of the actions to object to or otherwise seek to limit any discovery request or notice on any ground not expressly set forth herein, or to submit a request to the Court, upon good cause, seeking to limit, expand or extend any of the limitations and dates herein.

Dated: New York, New York
December 17, 2010

**ENTWISTLE & CAPPUCCI LLP**

By: *Arthur Nealon /kg*
Arthur V. Nealon
Johnston de F. Whitman, Jr.
Stephen D. Oestreich
Joshua K. Porter
280 Park Avenue, 26th Floor West
New York, NY 10017
Telephone: (212) 894-7200
anealon@Entwistle-Law.com

-and-

**SADIS & GOLDBERG LLP**
Douglas R. Hirsch
551 Fifth Avenue, 21st Floor
New York, NY 10176
Telephone: (212) 947-3793
dhirsch@sglawyers.com

*Attorneys for Plaintiff Navigator Capital Partners L.P.*

**GARDY & NOTIS, LLP**

By: _____
James S. Notis
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: (201) 567-7377
jnotis@gardylaw.com

*Attorneys for Plaintiff FIC, L.P.*

**BRUNE & RICHARD LLP**

By: *Nina Beattie/tj*
Nina M. Beattie
Theresa Trzaskoma
80 Broad Street
New York, NY 10004
Telephone: (212) 668-1900
ttrzaskoma@bruneandrichard.com

*Attorneys for Defendant Matthew Tannin*

**CRAVATH, SWAINE & MOORE LLP**

By: _____
Max R. Shulman
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

mshulman@cravath.com

*Attorneys for Defendant Deloitte & Touche LLP*

GRANT & EISENHOFER P.A.

By: *James Sabella/kf* (signature)
James J. Sabella
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
JSabella@gelaw.com

*Attorneys for Plaintiff FIC, L.P.*


ORRICK, HERRINGTON & SUTCLIFFE, LLP

By: _____
Richard A. Martin
Patryk Chudy
666 Fifth Avenue
New York, NY 10103

Telephone: (212) 506-5000
rmartin@orrick.com
pchudy@orrick.com

*Attorneys for Defendant Deloitte & Touche Cayman Islands*


HUGHES HUBBARD & REED LLP

By: *Lisa Cahill/kg* (signature)
Marc A. Weinstein
Lisa Cahill
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Cahill@hugheshubbard.com

*Attorneys for Defendant Ralph Cioffi*


CADWALADER, WICKERSHAM & TAFT, LLP

By: *Martin Seidel/kf* (signature)
Martin L. Seidel
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Martin.seidel@cwt.com

*Attorneys for Defendants Walkers Fund Services Ltd., Walkers SPV Ltd, Scott Lennon and Michelle Wilson-Clarke*


DRISCOLL & REDLICH

By: *Catherine L. Redlich* (signature)
Catherine L. Redlich
521 Fifth Avenue, Suite 3300
New York, NY 10175
Telephone: (212) 986-4030
credlich@driscollredlich.com

*Attorneys for Defendant Raymond McGarrigal*

| | |
|---|---|
| **GRANT & EISENHOFER P.A.**<br><br>By: _____<br>James J. Sabella<br>485 Lexington Avenue, 29th Floor<br>New York, NY 10017<br>Telephone: (646) 722-8500<br>JSabella@gelaw.com<br><br>*Attorneys for Plaintiff FIC, L.P.* | **ORRICK, HERRINGTON & SUTCLIFFE, LLP**<br><br>By: *[signature] Richard A. Martin*<br>Richard A. Martin<br>Patryk Chudy<br>666 Fifth Avenue<br>New York, NY 10103<br><br>Telephone: (212) 506-5000<br>rmartin@orrick.com<br>pchudy@orrick.com<br><br>*Attorneys for Defendant Deloitte & Touche Cayman Islands* |
| **HUGHES HUBBARD & REED LLP**<br><br>By: _____<br>Marc A. Weinstein<br>Lisa Cahill<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 837-6000<br>Cahill@hugheshubbard.com<br><br>*Attorneys for Defendant Ralph Cioffi* | **CADWALADER, WICKERSHAM & TAFT, LLP**<br><br>By: _____<br>Martin L. Seidel<br>One World Financial Center<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Martin.seidel@cwt.com<br><br>*Attorneys for Defendants Walkers Fund Services Ltd., Walkers SPV Ltd, Scott Lennon and Michelle Wilson-Clarke* |
| **DRISCOLL & REDLICH**<br><br>By: _____<br>Catherine L. Redlich<br>521 Fifth Avenue, Suite 3300<br>New York, NY 10175<br>Telephone: (212) 986-4030<br>credlich@driscollredlich.com<br><br>*Attorneys for Defendant Raymond McGarrigal* | |

**REED SMITH LLP**

By: *Thomas L. Allen/kcs*
Robert A. Nicholas
Thomas L. Allen
James C. McCarroll
Jordan W. Siev
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
rnicholas@reedsmith.com
jsiev@reedsmith.com

*Attorneys for Plaintiff Geoffrey Varga and William Cleghorn*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
Barry H. Berke
Kerri Ann Law
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Bberke@kramerlevin.com
klaw@kramerlevin.com

*Attorneys for the Bear Stearns Defendants*

Dated: New York, New York
       December ___, 2010
       Feb 2, 2011

SO ORDERED:

_____
U.S.D.J.